# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| PATRICE JORDON ROBINSON,<br>GREATER MEMPHIS DEMOCRATIC CLUB,<br>LATANYA BARBER THOMAS, and<br>JOHNSON SAULSBERRY, III,<br><br>    Plaintiffs,<br><br>vs.<br><br>SHELBY COUNTY ELECTION COMMISSION,<br>LINDA PHILLIPS in her official capacity as<br>Administrator of the Shelby County Election<br>Commission, STEVE STAMSON, ANTHONY<br>TATE, MATT PRICE, BENNIE SMITH, and<br>BRENT TAYLOR, in their Official Capacities as<br>Members of the Board of Commissioners of the<br>Shelby County Election Commission,<br><br>    Defendants. | Case No. _____<br><br>[FORMERLY Shelby County<br>Chancery Court, Part III—Case<br>No. CH-19-1365-3] |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TENNESSEE, WESTERN DIVISION:

    Shelby County Election Commission, Steve Stamson, Anthony Tate, Matt Price, Bennie Smith, and Brent Taylor ("Defendants" or "SCEC"), pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, hereby respectfully file this Notice of Removal of the above-styled civil action from the Chancery Court of Tennessee for the Thirtieth Judicial District at Memphis to the United States District Court for the Western District of Tennessee, Western Division on the following grounds:

    1.    On September 25, 2019, Plaintiffs Patrice Jordon Robinson, Greater Memphis Democratic Club, Latanya Barber Thomas, and Johnson Saulsberry, III filed a Complaint in the

1

Shelby County Chancery Court styled *Robinson v. Shelby County Election Commission*, Case No. CH-19-1365-3 (the "State Court Action"). No proceedings have occurred therein.

2. Defendants were provided a copy of the Summons and Complaint on September 26, 2019 via email and accepted it as service. Counsel for Defendants filed a notice of appearance on September 26, 2019. Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

3. Pursuant to 28 U.S.C. § 1446(a), a copy of all pleadings and papers that have been filed and served in the state court proceeding are attached hereto as <u>Exhibit 1</u>.

4. This is a civil action of which this Court has jurisdiction under 28 U.S.C. § 1331 and is one which may be removed to this Court by Defendants pursuant to the provisions of 18 U.S.C. § 1441 in that the issues raised arise under the Constitution, law, or treaties of the United State.

5. Plaintiffs' allege five causes of action including: (a) violation of 42 U.S.C. § 1983 (Compl. ¶¶ 20-29); (b) violation of substantive and procedural due process rights (5th and 14th Amendments of the United States Constitution) (Compl. ¶¶ 30-36); (c) violation of the Tennessee Constitution (Art. I, § 2, and Art. I, § 5 of the Tennessee Constitution) (Compl. ¶¶ 37-40); (d) violation of Tennessee law (Tenn. Code Ann. § 2-7-111) (Compl. ¶¶ 41-43); and violation of the Americans with Disabilities Act (42 U.S.C. § 12101, et seq.) (Compl. ¶¶ 44-48).

## THIS COURT HAS SUBJECT MATTER JURISDICTION
## PURSUANT TO 28 U.S.C. § 1331 & 1441

Under 28 U.S.C. § 1441(a), Defendants may remove "any civil action brought in a court of which the district courts of the United States have original jurisdiction." Under 28 U.S.C. § 1331, the district courts "shall have original jurisdiction of all civil actions arising under the

Constitution, laws or treaties of the United States." Further, under 28 U.S.C. § 1441 (c)(1)(A) Defendants may also remove the state law claims brought in the same action raising claims under the Constitution, laws, or treaties of the United States. Plaintiffs' Complaint specifically alleges violations of 42 U.S.C. § 1983, the 5th and 14th Amendments of the United States Constitution, and 42 U.S.C. § 12101, et seq., for which this court has original jurisdiction. Therefore, this is a civil action which satisfies the requirements for removal set forth in 28 U.S.C. § 1441(a) and § 1441(c).

## ALL PROCEDURAL REQUIREMENTS FOR REMOVAL
## HAVE BEEN OR WILL BE SATISFIED

1. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all the process, pleadings, orders, and documents from the State Court Action which have been served upon the Defendants are being filed with this Notice of Removal.

2. This Notice of removal has been filed within 30 days of the date that Defendants accepted service of the Summons or the Complaint in this matter. Removal is therefore timely in accordance with 28 U.S.C. § 1446(b).

3. Venue is proper in this court pursuant to 28 U.S.C. §§ 1441(a) and 1446(b) because the U.S. District Court for the Western District of Tennessee is the federal judicial district embracing the Chancery Court of Shelby County, Tennessee where the State Court Action was originally filed.

4. By filing this Notice of Removal, Defendants do not waive, either expressly or implicitly, their right to assert any defense that it could have asserted in the Chancery Court of Tennessee for the Thirtieth Judicial District, at Memphis. All such Defenses are expressly reserved. Defendants intend no admission of fact, law, or liability by this Notice, and expressly reserve all defenses, motions, and/or pleas.

WHEREFORE, Defendants respectfully remove this action from the Chancery Court of Tennessee for the Thirtieth Judicial District at Memphis to this Court, pursuant to 28 U.S.C. § 1441.

Respectfully submitted,

HARRIS SHELTON HANOVER WALSH, PLLC

By: */s/ Pablo A. Varela*
John L. Ryder #08258
Pablo A. Varela #29436
40 S. Main Street, Suite 2210
Memphis, Tennessee 38103
Tel: (901) 525-1455
Fax: (901) 526-4084
jryder@harrisshelton.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been sent to:

Linda Nettles Harris #12981
1331 Union Avenue, Suite 1033
Memphis, Tennessee 38104
Tel: (901) 522-2747
Fax: (901) 522-2749
lharris@nettlesharrislaw.com
*Attorney for Plaintiffs*

via email and U.S. Mail, postage prepaid, on this the 26th day of September 2019.

*/s/ Pablo A. Varela*
Pablo A. Varela