# EXHIBIT 1

**IN THE CHANCERY COURT OF TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

PATRICE JORDON ROBINSON,
GREATER MEMPHIS DEMOCRATIC CLUB,
LATANYA BARBER THOMAS, and
JOHNSON SAULSBERRY, III

      Plaintiffs,

vs.

SHELBY COUNTY ELECTION COMMISSION
LINDA PHILLIPS, in her official capacity as
Administrator of the Shelby County Election
Commission, STEVE STAMSON, ANTHONY TATE,
MATT PRICE, BENNIE SMITH, and
BRENT TAYLOR, in their official capacities as
Members of the Board of Commissioners of the
Shelby County Election Commission,

      Defendants.

DOCKET NO: CH-19-1365-3



SHELBY COUNTY
CHANCERY COURT
SEP 25 2019
W. AARON HALL, C & M
TIME:_____ BY:_____

---

**VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF
AND DECLARATORY JUDGMENT**

---

TO THE CHANCELLORS OF THE CHANCERY COURT OF TENNESSEE FOR THE

THIRTIETH JUDICIAL DISTRICT AT MEMPHIS:

Plaintiffs, by and through the undersigned counsel, file their Complaint for Injunctive

Relief and Declaratory Judgment against defendants Shelby County Election Elections

Commission; Linda Phillips in her official capacity as Administrator of the Shelby County

Election Commission; and, Steve Stamson, Anthony Tate, Matt Price, Bennie Smith, and Brent

Taylor, in their official capacities as Members of the Board of Commissioners of the Shelby

County Election Commission, and state as follows:

**INTRODUCTORY STATEMENT**

Under Tennessee law, Tenn. Code Ann. § 2-6-102, the City of Memphis Municipal

1

Election is scheduled for October 3, 2019, and the early voting period is September 12-28, 2019.

The fundamental right to freedom of speech uttered during a campaign for political office is applicable the Plaintiffs, pursuant to the First and Fourteenth Amendments to the United States Constitution. In violation of this fundamental right, and under the pretext of enforcing Tennessee election laws, on or about August 15, 2019, the Shelby County Election Commission, distributed written materials during a Candidates' Meeting, containing the rules that it intended to enforce in connection with the October 3, 2019, City of Memphis Municipal Election, to include the early voting period. Based upon information and belief, the said August 15, 2019, rules and guidelines were also distributed to persons at all applicable polling places in Memphis, Shelby County, Tennessee, and to persons responsible for enforcing the rules and guidelines, during the early voting period and on election day.

The second page of the Shelby County Election Commission's rules, dated August 15, 2019, contains the Defendants' interpretation of the statute applicable to Tennessee Election Law's 100 Foot Zone, found at Tenn. Code. Ann. 2-7-111. This Shelby County Election Commission's 100 Foot Zone Rule pertinently provides as follows:

**The 100 Foot Zone:**

- TCA § 2-7-11 (sic) is very clear that there can be no campaigning within 100 feet if the entrances to the building in which the election is taking place. (Notice that it may be entrances, plural). Look for our signs, they will clearly mark the line.

- No signs, bumper stickers, posters, literature, or campaign workers are allowed within the 100-foot area or in the building except when casting their own vote. **The practical effect of this is that campaign workers have to find somewhere else to use the restrooms**. Voters and workers alike are not allowed to wear any article of clothing that advocates for or against any candidate or issue inside the a00foot zone and the polling place.

*Attachment A: Shelby County Election Commission, Candidates Meeting, August 15, 2019, Pages 1-2, (hereinafter referred to as "Challenged Rule").*

It is so fundamental to our democracy that any curtailment of the right to free speech, as

2

to any single citizen, demands protection by the Court. Accordingly, injunctive and declaratory relief sought is sought in this cause of action.

## I.   PARTIES

1.     Plaintiff, Patrice Jordan Robinson, is an African-American citizen and resident of Memphis, Shelby County, Tennessee, and is a candidate for reelection to the position of Memphis City Council District 3 in the October 3, 2019, City of Memphis Municipal Election. Plaintiff, Patrice Jordan Robinson, brings this action in her individual capacity.

2.     Plaintiff, the Greater Memphis Democratic Club, is a political organization of citizens interested in questions on the ballot, interested in presenting the purity of elections, and interested in guarding against abuse of the elective franchise. In connection with the October 3, 2019 Election, the Greater Memphis Democratic Club manages approximately sixty (60) campaign workers hired to distribute campaign materials for candidates running for some of the offices on the ballot in the City of Memphis' October 3, 2019 Municipal Election, in order to cover polling locations where the these candidates do not have campaign workers. All of the campaign workers managed by the Greater Memphis Democratic Club are African-American citizens.

3.     Plaintiff, LaTanya Barber Thomas, is an African-American citizen and resident of Memphis, Shelby County, Tennessee, and is a campaign worker working at Raleigh United Memphis Church in Memphis, Tennessee, for the Greater Memphis Democratic Club during the 2019 City of Memphis Municipal Election's early voting period, and she plans to work as a campaign worker on election day, October 3, 2019.

4.     Plaintiff, Johnson Saulsberry III, is an African American citizen of Memphis, Shelby

3

County Tennessee, a resident of Memphis, Shelby County, Tennessee, and is a campaign worker at Glenview Community Center and Greater Memphis Baptist Church, for the Greater Memphis Democratic Club during the 2019 City of Memphis Municipal Election during the early voting period and plans to work as a campaign worker on election day.  Mr. Saulsberry has a disabling condition, namely Sickle Cell Anemia.

5.      Defendant Shelby County Election Commission is a governmental entity licensed and authorized to do business in the State of Tennessee, with its election operations office at 980 Nixon Drive in Memphis, Tennessee.

6.      Defendants, Steve Stamson, Anthony Tate, Matt Price, Bennie Smith, and Brent Taylor, (collectively referred to as the "Shelby County Election Commissioners"} are presently serving as the duly appointed members of the of the Shelby County Election Commission.

7.      Defendant, Linda Phillips. is sued solely in her official capacity as Administrator of the Shelby County Election Commission.

8.      The Shelby County Election Commissioners are sued solely in their official capacities as members of the Board of Election Commissioners.

## II.      JURISDICTION AND VENUE

9.      This Court has jurisdiction pursuant to This Court has jurisdiction pursuant to Tenn. R. Civ. P. 65.01 and 65.04, the Tennessee Uniform Trust Code, § 35-15-101, et. seq., Tenn. Code Ann §16-10-101 and Tenn. Code Ann §35-15-202;  42 U.S.C. §1973, et seq., Tenn. Code Ann. §§ 16-10-101, 16-11-102 and 16-11-103, Tenn. Code Ann. §2-7-111, 42 U.S.C. § 1983, the First, Fifth, and Fourteenth Amendments to the United States Constitution, and Article I, Sections 2 and 5 of the Constitution of the State of Tennessee.

10.      Venue is properly situated in Shelby County, Tennessee, pursuant to Tenn. Code Ann

4

§20-4-101(a), since the cause of action arose, and the defendant all reside in Shelby County.

## III.  FACTS

11.     Tenn. Code Ann. § 2-7-111, is the applicable Tennessee law which

governs restrictions on political activity relating to polling places in the State of Tennessee.

12.     Tennessee Code Annotated § 2-7-111 pertinently provides:

(a)  The officer of elections shall have the sample ballots, voting instructions, and other
materials which are to be posted, placed in conspicuous positions inside the polling place for
the use of voters. The officer shall measure off one hundred feet (100) from the entrances to
the building in which the election is to be held and place boundary signs at that distance.

(b)(1) Within the appropriate boundary as established in subsection (a), and the building
in which the polling place is located, the display of campaign posters, signs or other
campaign materials, distribution of campaign materials, and solicitation of votes for or
against any person, political party, or position on a question are prohibited. No campaign
posters, signs or other campaign literature may be displayed on or in any building in which a
polling place is located.
*Tenn. Code Ann. § 2-7-111.*

13.     Contrary to the language set forth in the Challenged Rule, as complained herein,

Tenn. Code Ann. § 2-7-111, does not provide that  "No campaign workers are allowed within the

100-foot area or in the building except when casting their own vote" or that "the practical effect

of this [Tenn. Code Ann. § 2-7- 111] is that campaign workers have to find somewhere else to

use the restrooms."

14.     Prior to imposing and enforcing the Challenged Rule, as complained herein, the

Defendants failed to establish that Plaintiff LaTanya Barber Thomas, Johnson Saulsberry, III,

and other campaign workers hired by, and/or managed by and/or volunteering for Plaintiffs,

would act in the course of and scope of their duties as campaign workers ,when they took a break

and entered a building where polling places are located to use the restroom.

15.     Prior to imposing and enforcing the Challenged Rule, as complained herein, the

5

Defendants failed to established that Plaintiff LaTanya Barber Thomas, Johnson Saulsberry, III and other campaign workers hired by, and/or managed by, and/or volunteering for Plaintiffs, entered buildings where polling places were located, and thereafter, entered or attempted to enter polling places; or that Plaintiff LaTanya Barber Thomas, Johnson Saulsberry, III and other campaign workers hired by, and/or managed by, and/or volunteering for Plaintiffs, entered buildings where polling places were located, or while inside the 100 foot zone, carried signs, bumper stickers, posters, literature; displayed any article of clothing that advocated for or against any candidate or issue; circulated petitions or engaged in similar activity; spoke to or engaged with voters inside a polling place; or interfered with the election process in any way, when they used the restrooms in buildings where polling places are located.

16.     Plaintiff Patrice Jordon Robinson, and the majority of the candidates for whom the Greater Memphis Democratic Club provides coverage at polling places during the 2019 Memphis Municipal Election, lacked the financial resources to invest heavily in purchasing political advertisements prior to election day, or during early voting, and they heavily rely upon the dissemination of their campaign literature by campaign workers, within the permissible 100 foot zone of buildings where polling places are located.

17.     The unlawful prohibition of allowing campaign workers to use the restroom in buildings where polling places are located results in irreparable harm to Plaintiffs, because it results in suppression of free speech, denial of equal protection and denial of due process, in that it creates missed opportunities for campaign workers to distribute candidates' campaign materials to voters who come to cast their votes, since the Challenged Rule, as complained herein, requires campaign workers to leave the premises to find a restroom.

18.     Campaign workers who distribute campaign materials for Plaintiffs, Patrice Jordan

6

Robinson and the Greater Memphis Democratic Club, including Plaintiff Latanya Barber Thomas, and Johnson Saulsberry, III, during the current election period, work at the polling locations from 11:00 a.m. until 7:00 p.m., every weekday, and from 10:00 a.m. until 4:00 p.m. on weekends during the early voting period, and will work 7:00 a.m. until 7:00 p.m. on Election Day.

19.     Defendant Shelby County Election Commission officials, representatives and/or agents, and others acting in concert with them. are actively enforcing the Challenged Rule, as complained herein, during the current early voting period, and continued enforcement of the Challenged Rule during the current early voting period, and on election day, will result in irreparable harm to Plaintiffs and/or the candidates for whom the Plaintiffs are seeking to promote through the exercise of free speech.

## IV.   FIRST CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. § 1983

20.     Plaintiffs realleges the allegations contained in paragraphs 1-19, as though set forth verbatim herein.

21.     The Challenged Rule, as complained herein, unconstitutionally infringes upon, Plaintiffs', and upon campaign workers hired by, and/or managed by, and/or volunteering for Plaintiffs, fundamental rights of freedom of speech, freedom of association, and expressive conduct, because the Challenged Rule targets and impermissibly burdens protected speech that promotes political activity.

22.     The Challenged Rule, as complained herein, is a content-based regulation of free Speech in a quintessential public forum, and is based on the content of the speech, in that the Challenged Rule prohibits constitutionally protected speech that is meant to accomplish a political goal, including Plaintiffs', and/or campaign workers hired by, and/or campaign workers

managed by and/or volunteering for Plaintiffs, goal of encouragement and promotion of political candidates.

23.     The Challenged Rule, as complained herein, deprives Plaintiffs, and all such similarly situated campaign workers, and/or campaign workers hired by, and/or managed by, and/or volunteering for Plaintiffs, of the right to free speech and the right to associate, guaranteed under the First and Fourteenth Amendments of the United States Constitution.

24.     The Challenged Rule, as complained herein, deprives Plaintiffs, and/or campaign workers hired by, and/or managed by and/or volunteering for Plaintiffs, equal protection rights, guaranteed under the Fifth and Fourteenth Amendments of the United States Constitution.

25.     The Challenged Rule, as complained herein, deprives Plaintiffs, and/or campaign workers hired by and/or managed by and/or volunteering for Plaintiffs, of due process rights, guaranteed under the Fourteenth Amendment of the United States Constitution.

26.     The Defendants, under the "color of law," have subjected, caused to be subjected, and are likely to continue subjecting, Plaintiffs, and/or campaign workers hired by, and/or managed by and/or volunteering for Plaintiffs, to the deprivation of the rights, privileges, or immunities secured by the U.S. Constitution including the First, Fifth and Fourteenth Amendments, as set forth herein.

27.     Defendants have failed to show the likelihood that campaign workers' use of restrooms found inside of buildings where polling places are located, will result in interference with the election process or the imminence of such an action.

28.     The Challenged Rule, as complained herein, is not narrowly tailored to serve any governmental interest in preserving the integrity of elections.

29.     No compelling state interest overrides Plaintiffs', and/or campaign workers hired

8

by and/or managed by and/or volunteering for Plaintiffs, rights to free speech, equal protection and due process of law protections guaranteed by the United States Constitution provisions, as set forth herein, and Plaintiffs will suffer irreparable harm if the Challenged Rule, as complained herein, is allowed to be continually to be enforced during the referenced municipal election period.

## V.   SECOND CAUSE OF ACTION
## DUE PROCESS VIOLATION

30.     Plaintiff repeats the allegations contained in paragraphs 1-29, as though set forth verbatim herein.

31.     The Fifth and Fourteenth Amendments to the U.S. Constitution, provide that "neither the federal government nor state governments may deprive any person "of life, liberty, or property without due process of law. *U.S. Const. amend. V and amend. IXV*.

32.     A violation of Tenn. Code. Ann. § 2–7–111(b) is a Class C misdemeanor punishable by a term of imprisonment not greater than 30 days, or a fine not to exceed $50, or both. *Tenn. Code Ann. §§ 2–19–119 and 40–35–111(e)(3)*.

33.     The Shelby County Election Commission's Challenged Rule, as complained herein, unconstitutionally targets Plaintiff LaTanya Barber, Johnson Saulsberry, III, and other campaign workers hired by, and/or managed by, and/or volunteering for Plaintiffs, the majority of whom are African-Americans, by subjecting them to deprivation of liberty without due process of law, in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

34.     Shelby County Poll Watcher Guidelines at page 2, provides that a poll watcher who chooses to serve in the dual role of poll watcher/campaign worker, can remove his/her poll watcher credentials/badge, campaign outside the 100-foot zone, and, once the poll watcher resumes his/her duties as all poll watcher, he/she, unlike campaign workers, is permitted to enter

9

the building where the polling place is located, so long as he/she ceases all campaign activity. *Attachment B: Shelby County Election Commission, Poll Watcher Guidelines.*

35.     The Defendants' refusal to allow Plaintiff, LaTanya Barber Thomas, Johnson Saulsberry, III,  and other campaign workers hired by, and/or managed by, and/or volunteering for Plaintiffs access to buildings with restrooms open to the public during business hours, when said campaign workers take breaks from working in their capacities as a campaign workers, constitutes a denial of the Plaintiffs' and the campaign workers substantive and procedural due process rights, in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

36.     The Challenged Rule, as complained herein, subjects Plaintiff, LaTanya Barber Thomas, Johnson Saulsberry, III, and other campaign workers hired by, and/or managed by, and/or volunteering for Plaintiffs, to unconstitutional denial of liberty, by criminalizing otherwise lawful conduct, and is a violation of their substantive and procedural due process rights, in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

## V.   THIRD CAUSE OF ACTION
### Violation of the Constitution of the State of Tennessee

37.     Plaintiffs realleges the allegations contained in paragraphs 1-36, as though set forth verbatim herein.

38.     The Challenged Rule, as complained herein, is an arbitrary and capricious exercise of the Defendants' power, and is oppressive, absurd, slavish, and destructive of the good and happiness of mankind, in violation of Article 1, Section 2, of the Constitution of the State of Tennessee.

39.     The Challenged Rule, as complained herein. is an unlawful denial of the right to free

10

and equal elections in violation of Article 1, Section 5, of the Constitution of the State of Tennessee.

40.     Hence, the Plaintiffs and campaign workers hired by, and/or managed by, and/or volunteering for Plaintiffs, will Plaintiffs suffer irreparable harm if the Challenged Rule, as complained herein, is allowed to be continually enforced during the current municipal election period.

## VI.   FOURTH CAUSE OF ACTION
## VIOLATION OF TENNESSEE LAW

41.     Plaintiff repeats the allegations contained in paragraphs 1-40, as though set forth verbatim herein.

42.     The Challenged Rule, as complained herein, is facially invalid because it misstates the applicable statutory law found in Tenn. Code Ann. § 2-7-111, which does not provide campaign workers are not allowed within the 100-foot area or in the building except when casting their own vote and that campaign workers have to find somewhere else to use the restrooms, in violation of Tenn. Code Ann. § 2-7-111.

43.     The Defendants lack the authority to impose and enforce the Challenged Rule, as complained herein, as to the Plaintiffs, and/or campaign workers hired by and/or managed by and/or volunteering for Plaintiffs, because Plaintiffs and campaign workers hired by and/or managed by and/or volunteering for Plaintiffs, have not, and will not in the further, carry signs, bumper stickers, posters, literature; have not, and do not plan to, display any article of clothing that advocates for or against any candidate or issue; have not and do not plan to, circulate petitions or engage in similar activity; have not, and do not plan to, speak to or engage with voters, either inside the polling place, or while inside the 100 feet zone of the polling place, in any way whatsoever, and have not, and do not plan to, act in the course and scope of their duties as campaign

11

workers, when they take a break and enter a building location to use the restroom, in violation of Tenn. Code Ann. § 2-7-111.

## VII. FIFTH CAUSE OF ACTION
### VIOLATION OF AMERICAN WITH DISABILITY ACT

44.     Plaintiffs reallege the allegations contained in paragraphs 1-43, as though set forth verbatim herein.

45.     Plaintiff Johnson Saulsberry, III, is a person with a disability, has a history of disability, or is perceived as having a disability within the meaning of the Americans With Disabilities Act (ADA) of 1990, 42 U.S.C. §12101, et seq., as amended.,

46.     Plaintiff Johnson Saulsberry III, has a physical or mental impairment that substantially limits one or more major life activity such as walking, talking breathing, etc.

47.     The polling locations where he is assigned are places of public accommodations, particularly, the Glenview Community Center.

48.     The Challenged Rule prohibits Johnson Saulsberry from access to a place of public accommodation at the polling place where he is working when he needs to use the restroom, in violation of the American with Disability Act.

## PRAYER FOR RELIEF

1.     WHEREFORE, Plaintiffs respectfully requests that this Court:

   1. Issue a judgment declaring that:

      a.   The Shelby County Election Commission's Challenged Rule set forth in the August 15, 2019 Candidates Meeting, as complained herein, violates the United States Constitution, and is therefore unconstitutional, void, and of no effect;

      b.   The Shelby County Election Commission's Challenged Rule set forth in the

12

August 15, 2019 Candidates Meeting, as complained herein, violates the Constitution of the State of Tennessee, and is therefore unconstitutional, void, and of no effect;

  c. The Shelby County Election Commission's Challenged Rule set forth in the August 15, 2019 Candidates Meeting, as complained herein, violates Tennessee Law, and is therefore unconstitutional, void, and of no effect;

  d. The Shelby County Election Commission's Challenged Rule set forth in the August 15, 2019 Candidates Meeting, as complained herein, is *ultra vires*, void and of no effect;

  e. The Shelby County Election Commission's Challenged Rule as set forth in the August 15, 2019 Candidates Meeting, as complained herein, violates the American with Disabilities Act, and is therefore unconstitutional, void, and of no effect.

  f. Immediately issue an order temporarily restraining the Shelby County Election Commission, Shelby County Election Commissioners, Shelby County Election Commission Administrator, Shelby County Election Commission Staff, and any other persons acting in concert or participation with them who receive actual notice of this Court's order, from taking any action to enforce, effectuate, or implement the Challenged Rule set forth in the August 15 2019 Candidates' Meeting, as complained herein;

  g. Enter temporary and permanent injunctions enjoying Defendants Shelby County Election Commission, Shelby County Election Commissioners, Shelby County Election Commission Administrator, Shelby County Election Commission Staff, and any other persons acting in concert or participation with them who receive actual notice of this Court's order, from taking any action to enforce, effectuate, or implement the Challenged Rule set forth in the August 15 2019 Candidates' Meeting, as complained herein;

  h. Grant Plaintiffs an award of their reasonable attorney fees and expenses incurred in

bringing this action;

i.   File written findings of fact and conclusions of law and final judgments finding that the Challenged Rule set forth in the August 15, 2019 Candidates Meeting, as complained herein, is unconstitutional, *ultra vires*, void and of no effect, that Defendants are permanently enjoined from enforcing the Challenged Rule and direct that the same be record in the minutes of the Shelby County Election Commission;

j.   Order Defendants Shelby County Election Commission, Shelby County Election Commissioners, Shelby County Election Commission Administrator, Shelby County Election Commission Staff, and any other persons acting in concert or participation with them who receive actual notice of this Court's order, to immediately provide notice of this Court's restraining order, temporary and permanent injunctions and final judgment, when issued, to all persons and entities Defendants previously provided notice of the Challenged Rule, as complained herein, set forth in the August 15, 2019 Candidates Meeting, as complained herein.

k.   Grant Plaintiffs such general and further relief to which they may be entitled.

Respectfully Submitted,

NETTLES HARRIS LAW FIRM

Linda Nettles Harris (B.P.R. 012981)
1331 Union Avenue, Suite 1033
Memphis, TN 38104
Fh. (901) 522-2747
Fax (901) 522-2749
lharris@nettlesharrislaw.com

**This is the first cause of action for extraordinary relief.**

14

## VERIFICATION OF COMPLAINT

STATE OF TENNESSEE
COUNTY OF SHELBY

    I, Patrice Jordan Robinson, being duly sworn and under oath, state I have read the

foregoing Versified Complaint for Injunctive Relief and Declaratory Judgment, that I am

personally familiar with the facts stated therein as they related to me and my candidacy, and that

the same are true and correct based on my knowledge, information and belief.

                                              _Patrice J. Robinson_
                                              Patrice Jordan Robinson

SWORN TO AND SUBSCRIBED BEFORE ME THIS 24 day of September 2019.

                                      _Melanie L Simpson_
                                         Notary Public

My commission expires:

    5-8-2023



## <u>VERIFICATION OF COMPLAINT</u>

STATE OF TENNESSEE
COUNTY OF SHELBY


  I, Gregory Grant, being duly sworn and under oath, state I have read the foregoing

Versified Complaint for Injunctive Relief and Declaratory Judgment, that I am personally

familiar with the facts stated therein, that the same are true and correct based on my knowledge,

information and belief.


_____
Gregory Grant


SWORN TO AND SUBSCRIBED BEFORE ME THIS 25th day of Sept , 2019.

_____
Notary Public


My commission expires:

5-8-2023



## VERIFICATION OF COMPLAINT

STATE OF TENNESSEE
COUNTY OF SHELBY

I, Gregory Grant, being duly sworn and under oath, state I have read the foregoing

Versified Complaint for Injunctive Relief and Declaratory Judgment, that I am personally

familiar with the facts stated therein, that the same are true and correct based on my knowledge,

information and belief.

_____
Gregory Grant

SWORN TO AND SUBSCRIBED BEFORE ME THIS 20th day of Sept , 2019.

_____
Notary Public

My commission expires:

5-8-2023



## <u>VERIFICATION OF COMPLAINT</u>

STATE OF TENNESSEE
COUNTY OF SHELBY

I, Johnson Saulsberry, III, being duly sworn and under oath, state I have read the foregoing Versified Complaint for Injunctive Relief and Declaratory Judgment, that I am personally familiar with the facts stated therein as they relate to me, that the same are true and correct based on my knowledge, information and belief.

Johnson Saulsberry, III

SWORN TO AND SUBSCRIBED BEFORE ME THIS 24 day of September, 2019.

Notary Public

My commission expires:

5-8-2023



# ATTACHMENT A
# TO
# VERIFIED COMPLAINT



# Shelby County Election Commission

## Candidates Meeting
## August 15, 2019

<u>Participating Voters List (PVL)</u>

- Will be emailed to those campaigns that request it on the data request order form.
- It is an .xlxs file.
- The first file will go out on Monday, September 16th and will include those voting on Friday, Saturday and the absentee whose ballots have been returned by Saturday.
- The files are generally sent in the morning but there may be occasions when it doesn't arrive until later in the day.
- The list for Saturday's voters isn't sent until the following Monday.
- The PVL is not posted to our website but we do post a count of those who voted at each location.
- Occasionally, I will include some charts and analysis. The ground rules are that if anyone on the distribution list has a question, I will relay both the question and the answer to the entire group.
- Your email address is visible to the entire group.

<u>Getting Maps and Data</u>

- Printed maps are available for $10 each. Normally they are available from either office but the plotter at the downtown office is broken, so call. Maps can be printed while you wait but be warned that it takes about 20 minutes for each page to print.
- Voter registration lists are available upon request. The list for the entire county with voter history is available in .csv format for $40.
- Voter lists for specific districts are available in .xlsx format but they may take up to two business days to produce. The price for a single district is $18 in .xlsx format .
- Shape files of districts are available from the TN Office of the Comptroller for a charge of $10. Email Matthew.Hill@cot.tn.gov to obtain them.
- We will not put data on your flash drives; only our virus free flash drives can be used on our system.
- All requests for voter data must have a signed data request form as required by TCA §2-2-138.
- CASH ONLY! Sorry, no cards or checks.

## Signs at Early Voting Locations

- The Joint City-County Unified Development Code includes Section 4.9.15H that states "[a]ny private sign installed or placed on public property shall be forfeited to the public and subject to confiscation."
- Signs at 157 Poplar are restricted in size and height for the safety of pedestrians and drivers. Signs placed there that do not conform with the policy will be removed and destroyed.

## Signs at Polling Places

- The Election Commission are not the sign police except for the 100 foot area outside the entrance to each polling place.
- Candidates need to make sure that their signs comply with the sign ordinances for the various municipalities. Links for those ordinances are on our website.
- We refer all citizen complaints about signs to the appropriate agency. If signs are stolen, then call the appropriate police agency.
- Candidates should only be placing signs when they have the owner's permission.

## The 100 Foot Zone

- TCA § 2-7-11 is very clear that there can be no campaigning within 100 feet of the entrances to the building in which the election is taking place. (Notice that it may be entrances, plural.) Look for our signs; they will clearly mark the line.
- No signs, bumper stickers, posters, literature, or campaign workers are allowed within the 100 foot area or in the building except when casting their own vote. The practical effect of this is that campaign workers have to find somewhere else to use the restrooms. Voters and workers alike are not allowed to wear any article of clothing that advocates for or against any candidate or issue inside the 100 ft zone and the polling place. ✱
- Even if your own mother wants help in voting, as a candidate you may not assist anyone in voting. You can't even go inside the polling place except to cast your own ballot.

## Poll Watchers

- You will be getting an email or letter from Deborah Upchurch regarding the appointment of poll watchers.
- Nomination for poll watchers must be in writing and received by us no later than noon on Tuesday, October 1, 2019. If you want to appoint poll watchers for early voting, we need to have the list by noon, the second business day before they start.
- There is no flexibility on those deadlines.
- Please submit your lists as early as possible. The closer it gets to an election, the crazier it gets around here.

## Nursing Homes

- We will begin Nursing Home Voting on September 9th. The schedule is fluid; the final will not be available until September 5th or 6th; even then it might change.
- If you choose to visit Nursing Homes, please remember that during the time we are there, the entire home is technically a polling place and the 100 feet rule applies.

# ATTACHMENT B
# TO
# VERIFIED COMPLAINT



# Shelby County Election Commission
## Poll Watcher Guidelines

**How many poll watchers may be appointed?**
- Each candidate may appoint one or more poll watchers for each polling location. Although multiple poll watchers may be appointed to observe at a given polling place, only one appointed poll watcher may be on duty in a polling place at any given time, per candidate.

**How are poll watchers appointed?**
- Names must be submitted to SCEC in writing, and be signed by the person or organization authorized to make the appointment.
- Appointments may designate the same person to watch in more than one polling location.

**To what locations may poll watchers be appointed?**
Early Voting
- Early Voting Locations
- Nursing homes
- Penal institutions

Election Day
- Precinct polling locations
- Absentee Counting Board

Post-Election Day
- Provisional Counting Board

**When must appointments be submitted to the SCEC?**
Early Voting
- No later than noon, two (2) business days before the first day of Early Voting; or
- No later than noon, two (2) business days before the poll watcher will be present at the Early Voting site.

Election Day
- No later than noon, two (2) business days before the election.

Post-Election Day
- No later than noon, two (2) business days before the poll watcher will be present at the Provisional Counting Board.

## Poll watchers cannot engage in campaign activities!
- Absolutely no campaign activities can occur inside the polling place or within the 100-foot boundary.
- Outside the 100-foot boundary/campaign-free zone – it is permitted *after removing the poll watcher badge or credentials.* Once the poll watcher resumes his/her duties as a poll watcher, all campaign activity must cease.

## Who may NOT be appointed as a poll watcher?
- Anyone who will be, or who is, a candidate for an office on the ballot.
- The spouse of a candidate.
- Shelby County Election Commission members.
- Those younger than 17 on Election Day.
- Non-residents of Tennessee

## What must poll watchers do upon arriving at the polls?
- Display his/her appointment badge to the Officer of Elections.
- Sign the poll watcher register.
- Wear a badge displaying his/her name, the appointing organization's name and the words "POLL WATCHER." The Election Commission will provide badges for candidates or organizations to give to their poll watchers, so it will be clear to Poll Officials who is duly appointed. Poll watchers must wear the badges at all times they are in a polling place.

## What activities are permitted?
- Watch and inspect performance in and around the polling place.
- Speak to the judges and the Officer of Elections.
- Challenge voters, *only through the judges.*
- Before the polls open and after they close, inspect tally sheets, poll lists, paper ballots, supplies, and machines.
- Inspect all ballots while being called and counted.
- Inspect counters on the machines to verify numbers are entered accurately.
- Express concern about any aspect of the conduct of the election to the Officer of Elections, the Election Commission or Inspector.
- Be present during all proceedings at the polling place.

**What activities are prohibited?**

- Speaking to voters. This includes greeting the voter or standing in the doorway where the voter enters.
- Interfere with any voter in preparing or casting a ballot.
- Assisting voters.
- Use a cell phone inside the polling place.
- Doing anything that intimidates poll workers or voters. In this instance, intimidation is in the eye of the poll worker or voter. If they feel threatened, the poll watcher will be removed. So, if a poll worker asks a watcher to move back, the watcher should do so.
- Prevent election officials from performing their duties.
- Inspect signature lists during election hours.
- Observe the giving of assistance to a voter.
- Wear campaign material of any kind during the performance of their duties.
- Exit the room of the Absentee Counting Board after the actual counting of ballots begins.
- Possess or use electronic devices when observing the duties of the Absentee Counting Board.
- Take photographs inside the polling place.

8/13/2019