IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | | |
|---|---|---|
| PATRICE JORDAN ROBINSON, | * | |
| GREATER MEMPHIS DEMOCRATIC CLUB, | * | |
| LATANYA BARBER THOMAS, and, | * | |
| JOHNSON SAULSBERRY, III, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| vs, | * | Docket No. 19-cv-2653-JTF-tmp |
| | * | |
| SHELBY COUNTY ELECTION COMMISSION, | * | |
| LINDA PHILLIPS, in her official capacity as | * | |
| Administrator of the Shelby County Election | * | |
| Commission, STEVE STAMSON, ANTHONY TATE, | * | |
| MATT PRICE, BENNIE SMITH, and | * | |
| BRENT TAYLOR, in their official capacities as | * | |
| Members of the Board of Commissioners of the | * | |
| Shelby County Election Commission, | * | |
| | * | |
| Defendants | * | |

_____

PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

_____

1. COMES NOW Plaintiff's, Patrice Jordan Robinson, the Greater Memphis

    Democratic Party, LaTanya Barber Robinson, and Johnson Saulsberry, III, file this

    Motion for a Preliminary Injunction ("Motion"), pursuant to Federal Rule of Civil

    Procedure 65 (a) and (b), and for the reasons set forth below, and in the

    accompanying Memorandum in Support, Plaintiffs' Motion should be granted.

2. Plaintiffs seek a preliminary injunction or temporary restraining order, preventing

    Defendants from from improperly and discriminatorily enforcing a Shelby County

    Election Commission policy (hereinafter the "Challenged Rule") that improperly

1

applies and misstates the applicable Tennessee elections laws; specifically, Tenn. R. Civ. P. § 2-7-103 and § 2-7-111, and unconstitutionally infringes upon and limits Plaintiffs from exercising their right to free speech and association and their due process rights, guaranteed under the First and Fourteenth Amendments to the United States Constitution, Plaintiffs' due process rights under the Fifth and Fourteenth Amendments, the Tennessee Constitution, of 42 U.S.C. § 1983, and, as to Plaintiff Johnson Saulsberry, III, the Americans With Disabilities Act (ADA) of 1990, 42 U.S.C. §12101, et seq., as amended.

3. Defendants are currently violating these rights by implementing and enforcing a policy (hereafter the Challenged Rule) that is overly broad and that misstates the applicable Tennessee election laws, and unlawfully prohibits campaign workers from entering buildings where polling places are located to use the restroom, so long as campaign workers are in compliance with Tennessee elections laws while inside the building.

4. For the reasons more fully explained in the accompanying memorandum, Plaintiffs have a strong likelihood of success on the merits of their claims.

5. Without injunctive relief, Plaintiffs will continue to suffer continuing deprivations of their constitutional rights, resulting in immediate and irreparable harm.

6. Under Tennessee law, Tenn. Code Ann. § 2-6-102, the City of Memphis Municipal Election is scheduled for October 3, 2019, and the early voting period, is September 12-28, 2019, and ends on tomorrow.

7. In the past, individuals serving as campaign workers, in City of Memphis Municipal elections have been allowed to use restrooms in buildings where polling places are

located, so long as they complied with Tenn. Code Ann. § 2-7-111; that is, did not display any campaign posters, signs, literature, or other campaign materials, did not distribute campaign materials, and/or solicit votes for or against any person, political party, or position on a question, and did not did not display campaign posters, signs or other campaign literature on or in the buildings where restrooms are located.

8. On or about August 15, 2019, Defendants issued, or caused to be issued, a document entitled Candidate's meeting.  This document that singled out campaign workers by providing that campaign workers are absolutely prohibited to enter the 100-Font one near the entrances to buildings where polling places are located, except for voting and are not allowed to use the restrooms, even though campaign workers are not violating Tennessee elections laws.

9. Plaintiff Patrice Robinson has campaign workers who have volunteered and/or been hired to distribute her candidate platform materials while outside the 100-Foot Zone at polling places and the Greater Memphis Democratic Club has hired campaign workers to distribute campaign materials for candidates, while  outside the 100-Foot Zone at polling places, during the current election, at locations where these candidates do not have campaign worker coverage.  (Exh. 1, Robinson Aff.; Exh 2, Grant Aff.; Exh, 3, Thomas, Aff./, Exh, 4, Saulsberry Aff. ).

10. Campaign workers distribute candidates' literature outside the 100-Foot Zone at polling places in order to educate voters on issues of importance to voters, candidates' positions on these issues, and/or the candidates' qualifications and fitness for the office they are seeking, because some voters do not make a final voting decision until they reach the polling place.  (Exh. 1, Robinson Aff.; Exh 2, Grant Aff.).

11. Candidates lacking the financial resources to invest heavily in purchasing political advertisements prior to election day and during early voting; and "grassroots" candidates, such as Plaintiff Patrice Jordan Robinson heavily rely upon, the dissemination of their campaign literature by campaign workers who are lawfully allowed to distribute campaign information outside the 100 feet zone of buildings where polling places are located.  (Exh 1, Robinson Aff.).

12. Plaintiff LaTanya Barber Thomas are Johnson Saulsberry, III are campaign workers hired by the Greater Memphis Democratic Club to Distribute Campaign Literature, during the current election period.   (Exh, 3, Thomas Aff.; Exh. 4, Saulsberry Aff).

13. Defendants' implementation and enforcement of the Challenged Rule that prohibits campaign workers from entering buildings were polling places are located for the limited purpose of using restrooms while campaign workers are in compliance with Tenn. Code Ann. § 2-7-111, is a prohibition of petitioner's First and Fourteenth amendment rights to free speech and association. .

14. Granting preliminary injunctive relief will not cause substantial harm to others.

15. The public interest would be served by issuance of the injunction because it will halt an ongoing constitutional violation.

16. In support of this Motion, Plaintiffs' have contemporaneously filed their Memorandum in Support, the Affidavit of Patrice Jordan Robinson, (Exh. 1), the Affidavit of Gregory Grant (Exh. 2), Affidavit of LaTanya Barber Thomas  and Affidavit of Johnson Saulsberry (Exh. 3), Attachment A and B to Original Complaint, Challenged Rule Document, (Attachment A) and  Poll Watcher Rules, (Attachment

B) to Original Complaint (Exh. 4), and the Original Complaint for Injunctive Relief and Declaratory Judgment, (Exh. 5).

17. WHEREFORE, Plaintiffs respectfully request this Court enter an order, preliminarily enjoining Defendants from continuing their interference with the Plaintiffs' fundamental right to freedom of speech uttered during campaigns for policy which provides that campaign workers who do not violated Tennessee Code Annotated§ 2-7-111, when they entered a building where polling places are located for the limited purpose of using the restroom.

Respectfully Submitted,
NETTLES HARRIS LAW FIRM

/s/Linda Nettles Harris (B.P.R. 012981)
1331 Union Avenue, Suite 1033
Memphis, TN 38104
Ph. (901) 522-2747
Fax (901) 522-2749
lharris@nettlesharrislaw.com

Certificate of Service

I, Linda Nettles Harris, certify that a copy of this motion was served through the Courts electronic filing system, upon the attorney for Defendants. Mr. Pablo Varela, on this 27th day of September 2019.

/s/Linda Nettles Harris