IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION
_____

| | | |
|---|---|---|
| PATRICE JORDAN ROBINSON, | * | |
| GREATER MEMPHIS DEMOCRATIC CLUB, | * | |
| LATANYA BARBER THOMAS, and, | * | |
| JOHNSON SAULSBERRY, III, | * | |
| | * | Docket No. 19-cv-2653-JTF-tmp |
| Plaintiffs, | * | |
| | * | |
| vs. | * | [FORMERLY Shelby County |
| | * | Chancery Court CH-19-1365-3 |
| TRE HARGETT, in his official capacity as | * | Part III |
| TENNESSEE SECRETARY OF STATE | * | |
| MARK GOINS, in his official capacity as TENNESSEE | * | |
| COORDINATOR OF ELECTIONS FOR THE STATE OF | * | |
| LINDA PHILLIPS, in her official capacity as | * | |
| Administrator of the Shelby County  Election Commission, | * | |
| STEVE STAMSON,  ANTHONY TATE, MATT PRICE, | * | |
| BENNIE SMITH, and BRENT TAYLOR, in their official | * | |
| capacities as Members of the Board of Commissioners | * | |
| of the Shelby County Election Commission, | * | |
| | * | |
| Defendants. | * | |

_____

FIRST AMENDED VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND
DECLARATORY JUDGMENT
_____

Plaintiffs, Patrice Jordan Robinson, the Greater Memphis Democratic Party, LaTanya

Barber Robinson, and Johnson Saulsberry, III, and for their Amended Verified Complaint for

Injunctive Relief and relief herein allege as follows, showing as follows:

I.      INTRODUCTION

1.  This is a civil rights action for declaratory and injunctive relief pursuant to 42 U.S. C. §

1983, Rules 57 and 65 of the Federal Rules of Civil Procedure, and 28 U.S.C. 2201 and 2202,

Brought against Tennessee and Shelby County election officials and agencies who have

implemented and are enforcing a policy (hereinafter the "Challenged Rule") that interferes with, infringes upon, suppresses and violates the Plaintiffs First and Fourteenth Amendment rights to free speech and free association and Fifth and Fourteenth Amendment rights of equal protection and due process of law.

2.   The City of Memphis Municipal Election is scheduled for October 3, 2019, and the early voting period was September 12-28, 2019. Although the early voting period has ended, the constitutional violations alleged in this complaint are not moot as to the early voting period, as Defendant will continue committing the constitutional violations set forth herein. The Plaintiffs are seeking temporary and preliminary injunctive relief to prevent Defendants from committing unconstitutional and discriminatory violations of the Plaintiffs constitutional rights as set forth herein, to protect the integrity of the election process and to prevent the unconstitutional interference and suppression of free speech ' promotes voter education on important issues, candidates qualifications and fitness for the offices, and candidates' positions on important issues, all results from the Defendant's violations of the Plaintiffs' constitutional rights set forth herein.

## II.        PARTIES

3.   Plaintiff, Patrice Jordan Robinson, is an African-American citizen and resident of Memphis, Shelby County, Tennessee, and is a candidate for reelection to the position of Memphis City Council District 3 in the October 3, 2019, City of Memphis Municipal Election. Plaintiff, Patrice Jordan Robinson, brings this action in her individual capacity.

4.   Plaintiff, the Greater Memphis Democratic Club, is a political organization of citizens interested in questions on the ballot, interested in presenting the purity of elections, and interested in guarding against abuse of the elective franchise.  In connection with the October 3,

2019 Election, the Greater Memphis Democratic Club manages approximately sixty (60)
campaign workers hired to distribute campaign materials for candidates running for some of the
offices on the ballot in the City of Memphis' October 3, 2019 Municipal Election, in order to
cover polling locations where the these candidates do not have campaign workers.  All of the
campaign workers managed by the Greater Memphis Democratic Club are African-American
citizens.

5.   Plaintiff Greater Memphis Democratic Club is a for profit corporation whose purpose
also includes working with candidates chosen by members of the organization as most qualified
candidates, and candidates in line with their values and ideals, and pooling resources, to educate
the public on the selected candidates, and provide poll coverage, all in order to to increase the
candidates chances of a successful campaign.

6.   Plaintiff, LaTanya Barber Thomas, is an African-American citizen and resident of
Memphis, Shelby County, Tennessee, and is a campaign worker working at Raleigh United
Memphis Church in Memphis, Tennessee, for the Greater Memphis Democratic Club during the
2019 City of Memphis Municipal Election's early voting period, and she plans to work as a
campaign worker on election day, October 3, 2019.

7.   Plaintiff, Johnson Saulsberry III, is an African American citizen of Memphis, Shelby
County Tennessee, a resident of Memphis, Shelby County, Tennessee, and is a campaign worker
at Glenview Community Center and Greater Memphis Baptist Church, for the Greater Memphis
Democratic Club during the 2019 City of Memphis Municipal Election during the early voting
period and plans to work as a campaign worker on election day.  Mr. Saulsberry has a disabling
condition, namely Sickle Cell Anemia.

8.   Defendant Tre Hargett is sued for declaratory and injunctive relief in his official

capacity as the Secretary of State.  Hargett is a person within the meaning of 42 U.S. C. §1983 and was acting under color of state law at all times relevant to this Amended Complaint.  Service on the Secretary of State is made by serving Herbert Slatery, III., the Tennessee Attorney General and Reporter, 301 6th Avenue, Nashville, TN  37243.

9.   The Tennessee Secretary of State appoints the Coordinator of Elections, who serves at the pleasure of the Secretary of State.

10. Defendant Mark Goins is sued for declaratory and injunctive relief in his official capacity as the Coordinator of Elections for the State of Tennessee.  Goins is a person within the meaning of 42 U.S. C. §1983 and was acting under color of state law at all times relevant to this Amended Complaint.  Service on the Coordinator of Elections for the State of Tennessee is made by serving is made by serving Herbert Slatery, III., the Tennessee Attorney General and Reporter, 301 6th Avenue, Nashville, TN  37243.

11. The Coordinator of Elections is the chief administrative election officer of the state and, subject to the concurrence of the Secretary of State, may make rules and regulations necessary to carry out the election code provisions.  The Shelby County Defendants named in this Amended Complaint contend that the Challenged Rule was implemented by Defendant Goins and they are, therefore, required to implement and enforce the Challenged Rule.

12. The Shelby County Election Commission is a five-member governmental commission responsible for fairly conducting all public elections in Shelby County, with its election operations office at 980 Nixon Drive in Memphis, Tennessee.  The Shelby County Election Commission is a person within the meaning of 42 U.S. C. §1983 and was acting under color of state law at all times relevant to this Amended Complaint.

13. Defendants, Steve Stamson, Anthony Tate, Matt Price, Bennie Smith, and Brent

Taylor, (collectively referred to as the "Shelby County Election Commissioners"" or "Commissioners") are presently serving as the duly appointed members of the of the Shelby County Election Commission.  The Commissioners are responsible appointing the Shelby County Election Administrator and overseeing the fair execution of all elections in Shelby County, Tennessee. Defendant Shelby County Election Commissioners are all persons within the meaning of 42 U.S.C. §1983 and were all acting under color of state law at all times relevant to this Amended Complaint and are sued solely in their official capacities as members of the Shelby County Board of Election Commissioners.

14. Defendant, Linda Phillips, is the administrator of the Shelby County Election Commission, appointed by the Shelby County Election Commissioners, and is responsible for the daily operations of the Shelby County Election Commission, and the execution of all elections in Shelby Count, Tennessee. Defendant Linda Phillips is a person within the meaning of 42 U.S.C. §1983 and was acting under color of state law at all times relevant to this Amended Complaint and is sued solely in her official capacity as Administrator of the Shelby County Election Commission.

III.    JURISDICTION

15. The original complaint was filed in the Chancery Court for the Thirteenth District of Tennessee pursuant to R. Civ. P. 65.01 and 65.04, Tenn. Code Ann §16-10-101 and Tenn. Code Ann. §35-15-202;  42 U.S.C. §1973, et seq., Tenn. Code Ann. §§ 16-10-101, 16-11-102 and 16-11-103, Tenn. Code Ann. §2-7-111, 42 U.S.C. § 1983, the First, Fifth, and Fourteenth Amendments to the United States Constitution, and Article I, Sections 2 and 5 of the Constitution of the State of Tennessee.

16. On September 27, 2019, Defendants Linda Phillips, Steve Stamson, Anthony Tate, Matt

Price, Bennie Smith, and Brent Taylor removed this case to this Court pursuant to 28 U.S. Code § 1441 and 28 U.S. Code § 1446.

17. This court has jurisdiction of this case pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201; 28 U.S.C. § 2202, the Civil Rights Act of 1964, as amended, 42 U.S.C. § 1983; , 28 U.S.C. § 1367(a), the First, Fifth and Fourteenth Amendments to the United States Constitution, and Federal Rules of Civil Procedure 57 and 65.

18. Plaintiffs further invoke this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a), over any and all state constitutional and state law claims that are so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy.

19. Venue was properly situated in Shelby County, Tennessee Chancery Court pursuant to Tenn. Code Ann. §20-4-101(a), since the cause of action arose, and the defendant all reside in Shelby County, Tennessee.

20. Venue is proper in this Court under 28 U.S.C. § 1391, as Plaintiffs and Defendants, may be found in this district and the cause of action arose in this district.

## IV.    GENERAL ALLEGATIONS

21. The First Amendment to the United States Constitution, made applicable to the States of the Union, including Tennessee provides: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the government for a redress of grievances.  The he right to freedom of assembly includes the right to freedom of association.

22. The Fifth and Fourteenth Amendments to the United States Constitution pertinently

provide that "no State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." . U.S. Const. amend. V and amend. IXV.

23. 42 U.S.C. § 1983 pertinently provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. " 42 U.S.C. § 1983 (2019).

24. Article I, Section 2, of the Tennessee State constitution provides "[t]hat government being instituted for the common benefit, the doctrine of nonresistance against arbitrary power and oppression is absurd, slavish, and destructive of the good and happiness of mankind." Tenn. Const. art. I, § 2.

25. Article I, Section 5 of the Tennessee State Constitution pertinently provides that "The Elections shall be free and equal." Tenn. Const. art. I, § 5.

26. The second page of the Shelby County Election Commission's rules, dated August 15, 2019, contains the Defendants' interpretation of the statute applicable to Tennessee Election Law's 100 Foot Zone, found at Tenn. Code. Ann. 2-7-111. This Shelby County Election Commission's 100 Foot Zone Rule pertinently provides as follows:

The 100 Foot Zone:

• TCA § 2-7-11 (sic) is very clear that there can be no campaigning within 100 feet if the entrances to the building in which the election is taking place. (Notice that it may be entrances, plural). Look for our signs, they will clearly mark the line.

• No signs, bumper stickers, posters, literature, or campaign workers are allowed within the 100-foot zone or in the building except when casting their own vote.  The practical effect of this is that campaign workers have to find somewhere else to use the restrooms. Voters and workers alike are not allowed to wear any article of clothing that advocates for or against any candidate or issue inside the 100-foot zone and the polling place.
Attachment A to Original Complaint: Shelby County Election Commission, Candidates Meeting, August 15, 2019. ("Challenged Rule").

27. Defendants policy, application and enforcement of Tenn. Code Ann. 2-7-111, (hereinafter the "" Challenged Rule') as applied to Plaintiffs is an unconstitutionally, improper, arbitrary, capricious, and discriminatorily enforcement of Tennessee law.

28. Code Annotated § 2-7-111 pertinently provides:

(a)  The officer of elections shall have the sample ballots, voting instructions, and other materials which are to be posted, placed in conspicuous positions inside the polling place for the use of voters. The officer shall measure off one hundred feet (100) from the entrances to the building in which the election is to be held and place boundary signs at that distance.

(b)(1) Within the appropriate boundary as established in subsection (a), and the building in which the polling place is located, the display of campaign posters, signs or other campaign materials, distribution of campaign materials, and solicitation of votes for or against any person, political party, or position on a question are prohibited. No campaign posters, signs or other campaign literature may be displayed on or in any building in which a polling place is located. Tenn. Code Ann. § 2-7-111.

29. Contrary to the language set forth in the Challenged Rule, as complained herein, Tenn. Code Ann. § 2-7-111, does not provide that  "No campaign workers are allowed within the 100-foot area or in the building except when casting their own vote" or that "the practical effect of this [Tenn. Code Ann. § 2-7- 111] is that campaign workers have to find somewhere else to use the restrooms."

30. Prior to imposing and enforcing the Challenged Rule, as complained herein, the Defendants failed to establish that Plaintiff LaTanya Barber Thomas, Johnson Saulsberry, III, and other campaign workers hired by, and/or managed by and/or volunteering for Plaintiffs, would act in the course of and scope of their duties as campaign workers ,when they took a break and entered a building where polling places are located to use the restroom.

31. Prior to imposing and enforcing the Challenged Rule, as complained herein, the Defendants failed to established that Plaintiff LaTanya Barber Thomas, Johnson Saulsberry, III and other campaign workers hired by, and/or managed by, and/or volunteering for Plaintiffs, entered buildings where polling places were located, and thereafter, entered or attempted to enter polling places; or that  Plaintiff LaTanya Barber Thomas, Johnson Saulsberry, III and other campaign workers hired by, and/or managed by, and/or volunteering for Plaintiffs, entered buildings where polling places were located, or while inside the 100 foot zone, carried signs, bumper stickers, posters, literature; displayed any article of clothing that advocated for or against any candidate or issue; circulated petitions or engaged in similar activity; spoke to or engaged with voters inside a polling place; or interfered with the election process in any way, when they used the restrooms in buildings where polling places are located.

32. Defendants Challenged Rule is overly broad, mistakes and unconstitutionally enforces Tennessee election laws, and unlawfully prohibits campaign workers from entering buildings where polling places are located to use the restroom, so long as campaign workers are in compliance with Tennessee elections laws while inside the building.

33. The applicable Tennessee Law, Tenn. Code Ann. § 2-7-111; provides that person cannot display any campaign posters, signs, literature, or other campaign materials, did not distribute campaign materials, and/or solicit votes for or against any person, political party, or position on a question, and did not did not display campaign posters, signs or other campaign literature on or in the buildings where restrooms are located.

## V.   SPECIFIC ALLEGATIONS

34. On or about August 15, 2019, Defendants issued, or caused to be issued, a document

entitled Candidate's meeting.  This document singles out Plaintiffs LaTanya Barber Thomas and Johnson Saulsberry, as well as other campaign workers by providing that campaign workers are absolutely prohibited to enter the 100-Font one near the entrances to buildings where polling places are located, except for voting and are not allowed to use the restrooms, even though campaign workers are not violating Tennessee elections laws.

35. Plaintiff Greater Memphis Democratic Club and Plaintiffs LaTanya Barber Thomas and Johnson Saulsberry did not learn about the implementation of the Challenged Rule until on or about the first day of the early voting period for the October 3, 2019.

36. Plaintiff Patrice Robinson has campaign workers who have volunteered and/or been hired to distribute her candidate platform materials while outside the 100-Foot Zone at polling places and the Greater Memphis Democratic Club has hired campaign workers to distribute campaign materials for candidates, while  outside the 100-Foot Zone at polling places, during the current election, at locations where these candidates do not have campaign worker coverage.  (Exh. 1, Robinson Aff.; Exh 2, Grant Aff.; Exh, 3, Thomas, Aff./, Exh, 4, Saulsberry Aff. ).

37. Plaintiff Patrice Robinson will be irreparably harmed on election day, because she would Be able to designate other persons as individuals as poll watchers; but for the Challenged Rule.

38. Defendant Linda Phillips stated in a letter dated September 20, 2019, that some campaign workers, but not Plaintiffs LaTanya Barber Thomas and Johnson Saulsberry, can enter buildings where polling places are located.

39. The refusal to allow Plaintiffs LaTanya Barber Thomas and Johnson Saulsberry To enter the building to use the rest room, but allow others to enter the restroom is an unconstitutional infringement of their right to exercise their first amendment rights, as they desired to distribute literature and it is an unconstitutional discriminatory application of the law

as to Plaintiffs Thomas and Saulsberry, who are African-American, when persons outside their protected class can enter buildings to use the rest room.

40. The quickest pathway that Plaintiff LaTanya Barber Thomas must travel to find an alternative restroom is unsafe.

41. Defendants Goins, Phillips and Commissioners, enforcement of the challenged rules unconstitutionally infringes upon and limits Plaintiffs from exercising their right to free speech and association and their due process rights, guaranteed under the First and Fourteenth Amendments to the United States Constitution,  Plaintiffs' due process rights under the Fifth and Fourteenth Amendments, the Tennessee Constitution, of  42 U.S.C. § 1983, and, as to Plaintiff Johnson Saulsberry, III, the Americans With Disabilities Act (ADA) of 1990, 42 U.S.C. §12101, et seq., as amended.

42. Defendants are currently violating Plaintiff's rights by implementing and enforcement of the Challenged rule as applied to Plaintiffs because it  is overly broad, misstates the applicable Tennessee election laws, and unlawfully prohibits Plaintiffs from entering buildings where polling places are located  to use the restroom, so long as Plaintiffs campaign workers are in compliance with Tennessee elections laws while inside the building.

43. Defendants' enforcement of the Challenged Rule as to Plaintiff Greater Memphis Democratic Club unconstitutionally infringes on Plaintiff's Greater Memphis Democratic Club by infringing upon and suppressing the Plaintiff Greater Memphis Democratic Club right to associate for the candidates of their choice, to utter speech through flyers owned by the Greater Memphis Democratic Club in support of their candidates. And interferes with and suppresses the Greater Memphis Democratic Club's right of association under the First and Fourteenth Amendments.

11

44. Defendants' Challenged Rule subjects singles out Plaintiffs LaTanya Barber Thomas and Johnson Saulberry as campaign workers; but not similarly situated poll watchers, who elect to serve in a dual role of poll watcher and campaign worker.

45. The Challenged Rule subjects Plaintiffs LaTanya Barber Thomas and Johnson Saulsberry, III, to a Class C misdemeanor punishable by a term of imprisonment not greater than 30 days, or a fine not to exceed $50, or both, if they enter within a building when a polling place is located to use the restroom, even though they would not be violating the applicable Tennessee election law under the proper and intended circumstances, in violation of the equal protection and due process clauses of the Fifth and Fourteenth Amendment to the United States Constitution h. (Exh. 4, Attachment A to Verified Complaint Candidates, and Poll Watcher Rules Attachment B to Verified Complaint).

46. The Challenged Rules denies Plaintiffs the fundamental right of and free to freedom of speech uttered during a campaign for political office and freedom of association for a common cause, the distribution of political campaign materials distributed by the Greater Memphis Democratic Club and Plaintiffs LaTanya Barber Thomas and Johnson Saulsberry.

47. Defendants have imposed the Challenged Rule as to Plaintiffs even though it is the most restrictive way possible, rather than in the least restrictive manner, in which to enforce Tennessee election laws in violation of the United States Consitution.

48. The Plaintiffs are likely to be successful on statutory and constitutional grounds, they will continue to suffer irreparable harm without the injunction, through the depravation of their fundamental rights, and there is no risk of substantial harm to others.

49. The curtailment of Plaintiffs fundamental right to free speech and freedom of association will result in reparable harm to Plaintiffs.

50. Plaintiffs Thomas and Johnson desire to associate with Plaintiff Greater Memphis Democratic Club and distribute literature outside the 100-Foot Zone at polling places in order to educate voters on issues of importance to voters, candidates' positions on these issues, and/or the candidates' qualifications and fitness for the office they are seeking, because some voters do not make a final voting decision until they reach the polling place and the Challnged Rule suppresses this fundamental right by causing missed opportunities to distribute literature .  (Exh. 1, Robinson Aff.; Exh 2, Grant Aff.).

51. Defendants are well aware that candidates lacking the financial resources to invest heavily in purchasing political advertisements prior to election day and during early voting; and "grassroots" candidates, such as Plaintiff Patrice Jordan Robinson., heavily rely upon, the dissemination of their campaign literature by campaign workers who are lawfully allowed to distribute campaign information outside the 100 feet zone of buildings where polling places are located and their actions suppresses this right to free speech.  (Exh 1, Robinson Aff.)

52. Plaintiff LaTanya Barber Thomas are Johnson Saulsberry, III are campaign workers hired by the Greater Memphis Democratic Club to Distribute Campaign Literature, during the current election period and the Challenge rule interferes with thwir right to free speech and freedom of association.   (Exh, 3, Thomas Aff.; Exh. 4, Saulsberry Aff).

53. Granting preliminary injunctive relief will not cause substantial harm to others.

54. The public interest would be served by issuance of the injunction because it will halt an ongoing constitutional violation.

55. Without injunctive relief, Plaintiffs will continue to suffer continuing deprivations of their constitutional rights, resulting in immediate and irreparable harm.

IV.   FIRST CAUSE OF ACTION
VIOLATION OF 42 U.S.C. § 1983

13

56. Plaintiffs realleges the allegations contained in paragraphs 1-55, as though set forth verbatim herein.

57. The Challenged Rule, as complained herein, unconstitutionally infringes upon, Plaintiffs', and upon campaign workers hired by, and/or managed by, and/or volunteering for Plaintiffs, fundamental rights of freedom of speech, freedom of association, and expressive conduct, because the Challenged Rule targets and impermissibly burdens protected speech that promotes political activity.

58. The Challenged Rule, as complained herein, is a content-based regulation of free Speech in a quintessential public forum, and is based on the content of the speech, in that the Challenged Rule prohibits constitutionally protected speech that is meant to accomplish a political goal, including Plaintiffs', and/or campaign workers hired by, and/or campaign workers managed by and/or volunteering for Plaintiffs, goal of encouragement and promotion of political candidates.

59. The Challenged Rule, as complained herein, deprives Plaintiffs, and all such similarly situated campaign workers, and/or campaign workers hired by, and/or managed by, and/or volunteering for Plaintiffs, of the right to free speech and the right to associate, guaranteed under the First and Fourteenth Amendments of the United States Constitution.

60. The Challenged Rule, as complained herein, deprives Plaintiffs, and/or campaign workers hired by, and/or managed by and/or volunteering for Plaintiffs, equal protection rights, guaranteed under the Fifth and Fourteenth Amendments of the United States Constitution.

61. The Challenged Rule, as complained herein, deprives Plaintiffs, and/or campaign workers hired by and/or managed by and/or volunteering for Plaintiffs, of due process rights, guaranteed under the Fourteenth Amendment of the United States Constitution.  The Defendants,

under the "color of law," have subjected, caused to be subjected, and are likely to continue

subjecting, Plaintiffs, and/or campaign workers hired by, and/or managed by and/or volunteering

for Plaintiffs, to the deprivation of the rights, privileges, or immunities secured by the U.S.

Constitution including the First, Fifth and Fourteenth Amendments, as set forth herein.

62. Defendants have failed to show the likelihood that campaign workers' use of

restrooms found inside of buildings where polling places are located, will result in interference

with the election process or the imminence of such an action.

63. The Challenged Rule, as complained herein, is not narrowly tailored to serve any

governmental interest in preserving the integrity of elections.

64. No compelling state interest overrides Plaintiffs', and/or campaign workers hired

by and/or managed by and/or volunteering for Plaintiffs, rights to free speech, equal protection

and due process of law protections guaranteed by the United States Constitution provisions, as

set forth herein, and Plaintiffs will suffer irreparable harm if the Challenged Rule, as complained

herein, is allowed to be continually to be enforced during the referenced municipal election

period.

V.   SECOND CAUSE OF ACTION
DUE PROCESS VIOLATION

65. Plaintiff repeats the allegations contained in paragraphs 1-64, as though set forth

verbatim herein.

66. The Fifth and Fourteenth Amendments to the U.S. Constitution, provide that "neither

the federal government nor state governments may deprive any person "of life, liberty, or

property without due process of law.  U.S. Const. amend. V and amend. IXV.

67. A violation of Tenn. Code. Ann. § 2–7–111(b) is a Class C misdemeanor punishable

by a term of imprisonment not greater than 30 days, or a fine not to exceed $50, or both.

Tenn. Code Ann. §§ 2–19–119 and 40–35–111(e)(3).

68. The Shelby County Election Commission's Challenged Rule, as complained herein, unconstitutionally targets Plaintiff LaTanya Barber, Johnson Saulsberry, III, and other campaign workers hired by, and/or managed by, and/or volunteering for Plaintiffs, the majority of whom are African-Americans, by subjecting them to deprivation of liberty without due process of law, in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

69. Shelby County Poll Watcher Guidelines at page 2, provides that a poll watcher who chooses to serve in the dual role of poll watcher/campaign worker, can remove his/her poll watcher credentials/badge, campaign outside the 100-foot zone, and, once the poll watcher resumes his/her duties as all poll watcher, he/she, unlike campaign workers, is permitted to enter the building where the polling place is located, so long as he/she ceases all campaign activity.

Attachment B: Shelby County Election Commission, Poll Watcher Guidelines.

70. The Defendants' refusal to allow Plaintiff, LaTanya Barber Thomas, Johnson Saulsberry, III,  and other campaign workers hired by, and/or managed by, and/or volunteering for Plaintiffs access to buildings with restrooms open to the public during business hours, when said campaign workers take breaks from working in their capacities as a campaign workers, constitutes a denial of the Plaintiffs' and the campaign workers substantive and procedural due process rights, in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

71. The Challenged Rule, as complained herein, subjects Plaintiff, LaTanya Barber Thomas, Johnson Saulsberry, III, and other campaign workers hired by, and/or managed by, and/or volunteering for Plaintiffs, to unconstitutional denial of liberty, by criminalizing

otherwise lawful conduct, and is a violation of their substantive and procedural due process rights, in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

## V.   THIRD CAUSE OF ACTION
### Violation of the Constitution of the State of Tennessee

72. Plaintiffs realleges the allegations contained in paragraphs 1-71, as though set forth verbatim herein.

73. The Challenged Rule, as complained herein, is an arbitrary and capricious exercise of the Defendants' power, and is oppressive, absurd, slavish, and destructive of the good and happiness of mankind, in violation of Article 1, Section 2, of the Constitution of the State of Tennessee.

74. The Challenged Rule, as complained herein. is an unlawful denial of the right to free and equal elections in violation of Article 1, Section 5, of the Constitution of the State of Tennessee.

75. Hence, the Plaintiffs and campaign workers hired by, and/or managed by, and/or volunteering for Plaintiffs, will Plaintiffs suffer irreparable harm if the Challenged Rule, as complained herein, is allowed to be continually enforced during the current municipal election period.

## VI.   FOURTH CAUSE OF ACTION
### VIOLATION OF TENNESSEE LAW

76. Plaintiff repeats the allegations contained in paragraphs 1-75, as though set forth verbatim herein.

77. The Challenged Rule, as complained herein, is facially invalid because it misstates the applicable statutory law found in Tenn. Code Ann. § 2-7-111, which does not provide campaign workers are not allowed within the 100-foot area or in the building except when

casting their own vote and that campaign workers have to find somewhere else to use the restrooms, in violation of Tenn. Code Ann. § 2-7-111.

78. The Defendants lack the authority to impose and enforce the Challenged Rule, as complained herein, as to the Plaintiffs, and/or campaign workers hired by and/or managed by and/or volunteering for Plaintiffs, because Plaintiffs and campaign workers hired by and/or managed by and/or volunteering for Plaintiffs, have not, and will not in the further, carry signs, bumper stickers, posters, literature; have not, and do not plan to, display any article of clothing that advocates for or against any candidate or issue; have not and do not plan to, circulate petitions or engage in similar activity; have not, and do not plan to, speak to or engage with voters, either  inside the polling place, or while inside the 100 feet zone of the polling place, in any way whatsoever, and have not, and do not plan to, act in the course and scope of their duties as campaign workers, when they take a break and enter a building location to use the restroom, in violation of Tenn. Code Ann. § 2-7-111.

## VII. FIFTH CAUSE OF ACTION
### VIOLATION OF AMERICAN WITH DISABILITY ACT

79. Plaintiffs reallege the allegations contained in paragraphs 1-78, as though set forth verbatim herein.

80. Plaintiff Johnson Saulsberry, III, is a person with a disability, has a history of disability, or is perceived as having a disability within the meaning of the Americans With Disabilities Act (ADA) of 1990, 42 U.S.C. §12101, et seq., as amended.,

81. Plaintiff Johnson Saulsberry III, has a physical or mental impairment that substantially limits one or more major life activity such as walking, talking breathing, etc.

82. The polling locations where he is assigned are places of public accommodations, particularly, the Glenview Community Center.

83. The Challenged Rule prohibits Johnson Saulsberry from access to a place of public accommodation at the polling place where he is working when he needs to use the restroom, in violation of the American with Disability Act.

PRAYER FOR RELIEF

1.   WHEREFORE, Plaintiffs respectfully requests that this Court:

1. Issue a judgment declaring that:

a.   The Shelby County Election Commission's Challenged Rule set forth in the August 15, 2019 Candidates Meeting, as complained herein, violates the United States Constitution, and is therefore unconstitutional, void, and of no effect;

b.   The Shelby County Election Commission's Challenged Rule set forth in the August 15, 2019 Candidates Meeting, as complained herein, violates the Constitution of the State of Tennessee, and is therefore unconstitutional, void, and of no effect;

c.   The Shelby County Election Commission's Challenged Rule set forth in the August 15, 2019 Candidates Meeting, as complained herein, violates Tennessee Law, and is therefore unconstitutional, void, and of no effect;

d.   The Shelby County Election Commission's Challenged Rule set forth in the August 15, 2019 Candidates Meeting, as complained herein, is ultra vires, void and of no effect;

e.   The Shelby County Election Commission's Challenged Rule as set forth in the August 15, 2019 Candidates Meeting, as complained herein, violates the American with Disabilities Act, and is therefore unconstitutional, void, and of no effect.

f.   Immediately issue an order temporarily restraining the Shelby County Election

Commission, Shelby County Election Commissioners, Shelby County Election Commission Administrator, Shelby County Election Commission Staff, and any other persons acting in concert or participation with them who receive actual notice of this Court's order, from taking any action to enforce, effectuate, or implement the Challenged Rule set forth in the August 15 2019 Candidates' Meeting, as complained herein;

g.  Enter temporary and permanent injunctions enjoying Defendants Shelby County Election Commission, Shelby County Election Commissioners, Shelby County Election Commission Administrator, Shelby County Election Commission Staff, and any other persons acting in concert or participation with them who receive actual notice of this Court's order, from taking any action to enforce, effectuate, or implement the Challenged Rule set forth in the August 15 2019 Candidates' Meeting, as complained herein;

h.  Grant Plaintiffs an award of their reasonable attorney fees and expenses incurred in bringing this action;

i.  File written findings of fact and conclusions of law and final judgments finding that the Challenged Rule set forth in the August 15, 2019 Candidates Meeting, as complained herein,  is unconstitutional, ultra vires, void and of no effect, that Defendants are permanently enjoined from enforcing the Challenged Rule and direct that the same be record in the minutes of the Shelby County Election Commission;

j.  Order Defendants Shelby County Election Commission, Shelby County Election Commissioners, Shelby County Election Commission Administrator, Shelby County Election Commission Staff, and any other persons acting in concert or participation with them who receive actual notice of this Court's order, to immediately provide notice of this Court's restraining order, temporary and permanent injunctions and final judgment, when issued,  to

all persons and entities Defendants previously provided notice of the Challenged Rule, as

complained herein,  set forth in the August 15, 2019 Candidates Meeting, as complained

herein.

k.   Grant Plaintiffs such general and further relief to which they may be entitled.

> Respectfully Submitted,
> NETTLES HARRIS LAW FIRM
>
> /s/Linda Nettles Harris (B.P.R. 012981)
> 1331 Union Avenue, Suite 1033
> Memphis, TN 38104
> Ph. (901) 522-2747
> Fax (901) 522-2749
> lharris@nettlesharrislaw.com


<u>Certificate of Service</u>

I, Linda Nettles Harris, certify that a copy of this motion was served through the Courts electronic filing

system, upon the attorney for Defendants. Mr. Pablo Varela, on this 30th day of September 2019.

> <u>/s/Linda Nettles Harris</u>