IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

PATRICE JORDON ROBINSON,
GREATER MEMPHIS DEMOCRATIC CLUB,
LATANYA BARBER THOMAS, and
JOHNSON SAULSBERRY, III,

    Plaintiffs,

vs.

SHELBY COUNTY ELECTION COMMISSION,
LINDA PHILLIPS in her official capacity as
Administrator of the Shelby County Election
Commission, STEVE STAMSON, ANTHONY
TATE, MATT PRICE, BENNIE SMITH, and
BRENT TAYLOR, in their Official Capacities as
Members of the Board of Commissioners of the
Shelby County Election Commission,

    Defendants.

Docket No. 19-cv-02653-JTF-tmp

[FORMERLY Shelby County
Chancery Court, Part III—Case
No. CH-19-1365-3]

## DEFENDANTS' SUPPLEMENTAL RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION OR TEMPORARY RESTRAINING ORDER

COMES NOW, the Shelby County Election Commission, Linda Phillips in her official capacity as Administrator of the Shelby County Election Commission, Steve Stamson, Anthony Tate, Matt Price, Bennie Smith, and Brent Taylor, in their Official Capacities as Members of the Board of Commissioners of the Shelby County Election Commission, ("Defendants" or "SCEC"), supplements their response in opposition to Plaintiffs' Motion for Preliminary Injunction as follows:

1

As stated in open court during the preliminary injunction hearing on September 30, 2019, Plaintiffs failed to serve or give notice to the State of Tennessee or the Coordinator of Elections of these proceedings. Therefore, in accordance with Fed. R. Civ. P. Rule 65(a)(1), which states that "[t]he court may issue a preliminary injunction only on notice to the adverse party," granting a preliminary injunction in this matter would be improper.

Furthermore, Fed. R. Civ. P. 65(b)(1)(B) states that the court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Plaintiff's attorney has failed to certify in writing any efforts to give notice to the State of Tennessee, the Coordinator of Elections, or their attorneys, or the reasons why it such notice should not be required. Therefore, granting a temporary restraining order would likewise be improper.

Plaintiffs cannot be granted any injunctive relief due to failure to comply with the requirements of Fed. R. Civ. P. 65.

WHEREFORE, Defendants respectfully move the Court for entry of an order Denying Plaintiff's Motion for Preliminary Injunction and dismissing Plaintiff's case.

Respectfully submitted,

HARRIS SHELTON HANOVER WALSH, PLLC

By: */s/ Pablo A. Varela*
John L. Ryder #08258
Pablo A. Varela #29436
40 S. Main Street, Suite 2210
Memphis, Tennessee 38103
Tel: (901) 525-1455
Fax: (901) 526-4084
jryder@harrisshelton.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been sent to:

    Linda Nettles Harris #12981
    1331 Union Avenue, Suite 1033
    Memphis, Tennessee 38104
    Tel: (901) 522-2747
    Fax: (901) 522-2749
    lharris@nettlesharrislaw.com
    *Attorney for Plaintiffs*

via email and U.S. Mail, postage prepaid, on this the 1st day of October 2019.

                                  */s/ Pablo A. Varela*
                                  Pablo A. Varela