**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

PATRICE JORDON ROBINSON,
GREATER MEMPHIS DEMOCRATIC CLUB,
LATANYA BARBER THOMAS, and
JOHNSON SAULSBERRY, III,

        Plaintiffs,

vs.

TRE HARGETT, in his official capacity as
TENNESSEE SECRETARY OF STATE
MARK GOINS, in his official capacity as
TENNESSEE COORDINATOR OF ELECTIONS
FOR THE STATE OF  LINDA PHILLIPS in her
official capacity as Administrator of the Shelby
County Election Commission, STEVE
STAMSON, ANTHONY TATE, MATT PRICE,
BENNIE SMITH, and BRENT TAYLOR, in their
Official Capacities as Members of the Board of
Commissioners of the Shelby County Election
Commission,

        Defendants.

Docket No. 19-cv-02653-JTF-tmp

[FORMERLY Shelby County
Chancery Court, Part III—Case
No. CH-19-1365-3]

**SHELBY COUNTY DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT**

COMES NOW, the Shelby County Election Commission, Linda Phillips in her official

capacity as Administrator of the Shelby County Election Commission, Steve Stamson, Anthony

Tate, Matt Price, Bennie Smith, and Brent Taylor, in their Official Capacities as Members of the

Board of Commissioners of the Shelby County Election Commission, ("Shelby County

Defendants" or "SCEC"), and in response to Plaintiffs' motion for preliminary injunction, hereby submits *Shelby County Defendants' Answer to First Amended Complaint*, and state as follows:

1.      Shelby County Defendants admit they have been directed to implement a policy that precludes Campaign Workers from entering polling places to use the bathroom or for any other purpose other than to vote.  The remaining allegations in paragraph 1 are denied.

2.      Shelby County Defendants admit the City of Memphis Municipal Election occurred on October 3, 2019 and that the early voting period ran from September 13 through September 28, 2019. The remaining allegations in paragraph 2 are denied.

3.      Upon information and belief admitted.

4.      Shelby County Defendants deny Greater Memphis Democratic Club ("GMDC") is a political organization interested in presenting the purity of election and interested in guarding against abuse of the elective franchise. Shelby County Defendants admit GMDC hires campaign workers for those candidates who pay GMDC to place them on ballots produced and promoted by GMDC. Shelby County Defendants deny GMDC hires worker for candidates to cover polling locations where candidates do not have campaign workers. Shelby County Defendants are without sufficient information or knowledge to form an opinion as to the truth or veracity of the last sentence in paragraph 4 and therefore it is denied, and proof demanded.

5.      Shelby County Defendants admit GMDC is a for profit corporation and works with candidates that pay for their services to help them win campaigns.  The remaining allegations in paragraph 5 are Denied.

6.      Upon information and belief, Admitted.

7.      Upon information and belief, Admitted.

8.      Upon information and belief, Admitted.

9.      Upon information and belief, Denied.

10.      Upon information and belief, Admitted.

11.      Admitted.

12.      Admitted.

13.      Admitted.

14.      Admitted.

15.      Admitted.

16.      Admitted.

17.      Admitted that the Court has jurisdiction except Shelby County Defendants contend Plaintiffs do not have Article III standing and therefore the Court lacks subject matter jurisdiction.

18.      Admitted.

19.      Denied that all Defendants reside in Shelby County, Tennessee. Admitted that Venue before this Court is proper as to Shelby County Defendants only.

20.      Admitted that Venue before this Court is proper as to Shelby County Defendants only.

21.      The First Amendment to the United States Constitution speaks for itself.

22.      The Fifth and Fourteenth Amendments to the United States Constitution speak for themselves.

23.      42 U.S.C. § 1983 speaks for itself.

24.      Article I, Section 2 of the Tennessee Constitution speaks for itself.

25.      Article I, Section 5 of the Tennessee Constitution speaks for itself.

26.      Admitted.  It is also Admitted that the Shelby County Election Commission's rules of June 14, 2018 contained the same language.

27.     Denied.

28.     The statute speaks for itself.

29.     The statute speaks for itself.  Shelby County Defendants deny the complained-of policy is contrary to Tennessee state law.

30.     Shelby County Defendants deny the presumption in paragraph 30 that it is required to establish that specific individuals violated any rules before implementing policy.  Defendants deny that no campaign workers or candidates have violated state laws leading to the need to implement the policy by the Coordinator of Elections.

31.     Shelby County Defendants are without sufficient information or knowledge as to whether specific employees of GMDC had worked a polling place prior to the October 3, 2019 elections. Shelby County Defendants deny the presumption in paragraph 31 that it is required to establish that specific individuals violated any rules before implementing policy.

32.     Denied.

33.     The statute speaks for itself.

34.     Denied the policy was issued on August 15, 2019. The remainder of paragraph 34 is admitted.

35.     Denied.  Shelby County Defendants implemented and enforced the Coordinator's policy beginning in June 2018 for the August 2018 Shelby County elections and the November 2018 federal mid-term elections.

36.     Upon information and belief, admitted that Plaintiff Robinson has hired campaign workers to distribute her candidate materials.  The remaining allegations in paragraph 36 are denied.

37.     Denied that Plaintiff Robinson would be irreparably harmed by the complained of policy. Shelby County Defendants are without sufficient information or knowledge to either admit or deny the remaining allegations in paragraph 37 of the complaint and therefore deny same and demand strict proof.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Denied that the policy singles out Plaintiffs Thomas and Saulsberry.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Shelby County Defendants are without sufficient information or knowledge to either admit or deny the allegations in paragraph 50 of the complaint and therefore deny same and demand strict proof.

51.     Denied.

52.     Shelby County Defendants are without sufficient information or knowledge to either admit or deny the allegations in paragraph 52 of the complaint and therefore deny same and

demand strict proof. Denied that Plaintiffs' free speech rights have been infringed by the complained-of policy.

53. Denied.

54. Denied.

55. Denied.

56. Defendants restate the responses to all previous paragraphs as if set forth verbatim herein.

57. Denied.

58. Denied. The complained-of rule is a viewpoint neutral restriction on speech in a nonpublic forum.

59. Denied.

60. Denied.

61. Denied.

62. Shelby County Defendants deny the presupposition in paragraph 62 that they must show the likelihood that campaign workers' use of restrooms in polling places will result in interference with the election process.

63. Shelby County Defendants deny the presupposition in paragraph 62 that the complained-of rule must be narrowly tailored in light of a compelling state interest and a viewpoint neutral restriction on speech in a nonpublic forum.

64. Denied.

65. Defendants restate the responses to all previous paragraphs as if set forth verbatim herein.

66. The Fifth and Fourteenth Amendments to the United States Constitution speak for themselves.

67. The Statute speaks for itself.

68. Denied.

69. Admitted that under state law poll watchers can enter polling places while campaign workers cannot (except to vote), the remaining allegations in paragraph 69 are denied.

70. Denied.

71. Denied.

72. Defendants restate the responses to all previous paragraphs as if set forth verbatim herein.

73. Denied.

74. Denied.

75. Denied.

76. Defendants restate the responses to all previous paragraphs as if set forth verbatim herein.

77. Denied.

78. Denied.

79. Defendants restate the responses to all previous paragraphs as if set forth verbatim herein.

80. Shelby County Defendants are without sufficient information or knowledge to admit or deny the allegations in paragraph 80 of the complaint and therefore deny same and demand proof thereof.

81.     Shelby County Defendants are without sufficient information or knowledge to admit or deny the allegations in paragraph 80 of the complaint and therefore deny same and demand proof thereof.

82.     Shelby County Defendants are without sufficient information or knowledge to admit or deny the allegations in paragraph 80 of the complaint and therefore deny same and demand proof thereof.

83.     Denied.

RESPONSE TO PRAYER FOR RELIEF

1.a.    Shelby County Defendants deny that Plaintiffs are entitled to the relief sough in paragraph 1.a.

1.b.    Shelby County Defendants deny the Court has the jurisdiction to declare the complained-of rules violates the Tennessee Constitution and therefore Plaintiffs are not entitled to the relief sough in paragraph 1.b.

1.c.    Shelby County Defendants deny the Court has the jurisdiction to declare the complained-of rules violates the Tennessee State law and therefore Plaintiffs are not entitled to the relief sough in paragraph 1.c.

1.d.    Shelby County Defendants deny that Plaintiffs are entitled to the relief sough in paragraph 1.d.

1.e.    Shelby County Defendants deny that Plaintiffs are entitled to the relief sough in paragraph 1.e.

1.f.    The Court issued a Temporary restraining order which expires after the October 3, 2019 Memphis Municipal Elections and therefore Plaintiffs are not entitled to additional relief under paragraph 1.f.

1.g.    Shelby County Defendants deny that Plaintiffs are entitled to the relief sough in paragraph 1.g.

1.h.    Shelby County Defendants deny that Plaintiffs are entitled to the award of attorneys fees sough in paragraph 1.h.

1.i.    Shelby County Defendants deny that Plaintiffs are entitled to the relief sough in paragraph 1.i.

1.j.    Shelby County Defendants provided notice to its polling officials to the best of its ability therefore Plaintiffs are not entitled to any additional relief under paragraph 1.j.

1.k.    Shelby County Defendants deny that Plaintiffs are entitled to the relief sough in paragraph 1.k.

## AFFIRMATIVE DEFENSES

1.  Plaintiffs have failed to state a claim upon which relief can be granted by this Court in that the complained-of policy is a constitutionally permissible infringement on campaign workers' rights in light of compelling state interests as discussed and analyzed in *Freeman v. Burson*, 504, U.S. 191 (1991).

2.  Plaintiffs' claims are barred by the statute of limitations to the extent the complained-of policy was implemented in June 2018 and Plaintiffs' first amendment and civil rights claims were brought over a year later on September 26, 2019.

3.  Plaintiffs' claims are barred by the doctrine of latches because at the very least Plaintiffs knew of the complained-of policy since August 19, 2019 and only brought their complaint on September 26, 2019, two days before the end of the early voting period for the October 3rd elections. Shelby County Defendants allege Plaintiffs brought their claims on the eve of the

election to preclude Defendants from obtaining relief from a higher court due to time restraints in the case they obtained the temporary restraining order or preliminary injunction.

4. Polling places are nonpublic forum according to the United States Supreme Court in *Minnesota Voters All. v. Mansky*, 138 S. Ct. 1876 (2018). A viewpoint neutral restriction on free speech in nonpublic forum is analyzed under a rational basis standard—not a strict scrutiny standard. SCEC had a rational basis for implementing the complained-of policy in furtherance of a compelling state interest.

5. Shelby County Defendants implemented the complained-of policy in Shelby County at the direction and based on the interpretation of Tennessee election law by the Tennessee Coordinator of Elections who holds authority under Tennessee state law to authoritatively interpret election laws.

6. The United States Supreme Court analysis in *Freeman v. Burson*, 504, U.S. 191 (1991), concerning constitutional restrictions on campaign workers controls this case. Pursuant to the reasoning in *Burson*, the complained-of ruled is constitutional.

7. Plaintiff Greater Memphis Democratic Club has neither associational standing nor institutional standing in this case. The GMDC's purpose is not to further the integrity of democratic issues nor to seek having democrats elected to office. The purpose of the GMDC, as a for-profit corporation, is to make a profit by charging candidates to appear on the sample ballots published by GMDC, including candidates in non-partisan races that are known to be bona fide republicans. Within the last few days, the Shelby County Democratic Party was granted an order enjoining GMDC from publishing or distributing materials containing the words "Democratic Club" or the "donkey" logo.

8. Plaintiffs Thomas and Saulsberry do not have standing in this case because the alleged constitutional rights being infringed upon do not belong to Plaintiffs Thomas and Saulsberry. Plaintiffs admitted during the preliminary injunction hearing the rights allegedly infringed by the complained-of policy are the first amendment rights of the candidates to have their literature distributed. Furthermore, the GMDC and Councilwoman Robinson obtained poll-watcher credentials for all its campaign workers negating any alleged infringement upon the rights of the campaign workers under the complained-of policy. Additionally, the complained-of policy does not preclude campaign workers from associating with whomever they choose nor from speaking or passing out first amendment-protected material to whomever they choose. They are merely prohibited from entering a nonpublic forum for any purpose except to vote. The complained-of policy protects a compelling state interest.

9. Plaintiff Robinson does not have standing in this case because the complained-of policy does not prohibit her campaign workers or the GMDC employees campaigning from distributing materials that, at best, only remotely or tangentially relate to Plaintiff Robinson. Furthermore, the policy does not unconstitutionally infringe upon Plaintiff Robinson's first amendment rights by having her campaign workers use restrooms in other facilities any more than providing breaks to her employees during their shifts would infringe on Plaintiff Robinson's constitutional rights. Presumably, Plaintiff Robinson's campaign and the GMDC are subject to state and federal employment laws which require them to provide employees with periodic breaks in addition to accommodations for using the bathroom and breaks for mealtimes.

Respectfully submitted,

HARRIS SHELTON HANOVER WALSH, PLLC

By: */s/ Pablo A. Varela* _____

John L. Ryder #08258
Pablo A. Varela #29436
40 S. Main Street, Suite 2210
Memphis, Tennessee 38103
Tel: (901) 525-1455
Fax: (901) 526-4084
jryder@harrisshelton.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a copy of the foregoing was served on Linda Nettles Harris, attorney for Plaintiffs, via the Court's ECF system on this the 7th day of October 2019.

*/s/ Pablo A. Varela*
Pablo A. Varela