**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

**PATRICE JORDAN ROBINSON,
GREATER MEMPHIS DEMOCRATIC CLUB,
LATANYA BARBER THOMAS, and
JOHNSON SAULSBERRY, III,**

|  |  |
|---|---|
| **Plaintiffs,** | **Case No. 2:19-cv-02653-JTF-tmp** |

**v.**

| | |
|---|---|
| **TRE HARGETT, in his official capacity as Tennessee Secretary of State, MARK GOINS, in his official capacity as Tennessee Coordinator of Elections, LINDA PHILLIPS in her official capacity as Administrator of the Shelby County Election Commission, STEVE STAMSON, ANTHONY TATE, MATT PRICE, BENNIE SMITH, and BRENT TAYLOR, in their official capacities as Members of the Board of Commissioners of the Shelby County Election Commission,** | **[Formerly Shelby County Chancery Court, Part III - Case No. CH-19-1365-3]** |

**Defendants.**

---

**STATE DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT**

---

Defendants Tre Hargett, in his official capacity as the Tennessee Secretary of State, and Mark Goins, in his official capacity as Tennessee Coordinator of Elections, hereby state the following for their Answer to Plaintiff's Complaint.

## **INTRODUCTION**

1. State Defendants admit the factual allegations of paragraph no. 1 to the extent that they assert Plaintiffs' stated purpose in bringing this action but deny them for all other purposes.

2.   State Defendants admit the City of Memphis Municipal Election took place on October 3, 2019, and the early voting period took place from September 13 through September 28, 2019. State Defendants admit the remaining factual allegations of paragraph no. 2 to the extent that they assert Plaintiffs' stated purpose in bringing this action but deny them for all other purposes.

3.   Upon information and belief, State Defendants admit the allegations in paragraph 3.

4.   State Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 4, and therefore deny the allegations.

5.   State Defendants admit that GMDC is a for profit corporation that works with candidates that pay for its services.  State Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations in paragraph 5, and they are therefore denied.

6.   State Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 6, and they are therefore denied.

7.   State Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 7, and they are therefore denied.

8.   Admitted.

9.   Admitted.

10. Admitted.

11.  Admitted.

12.  Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. State Defendants allege that Plaintiffs do not have Article III standing and therefore the Court lacks subject matter jurisdiction.

18. State Defendants admit the factual allegations of paragraph no. 18 to the extent that they assert Plaintiffs' stated purpose in bringing this action but deny them for all other purposes.

19. State Defendants deny that they reside in Shelby County, Tennessee. State Defendants admit that the cause of action arose in Shelby County, Tennessee.  State Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations contained in paragraph no. 19.

20. State Defendants deny that they reside in the Western District of Tennessee.  State Defendants admit that the cause of action arose in the Western District of Tennessee.

21. Paragraph no. 21 appears to be a recitation of the First Amendment to the United States Constitution, which speaks for itself and to which no response is required.

22. Paragraph no. 22 appears to be a recitation of portions of the Fifth and Fourteen Amendments to the United States Constitution, which speak for themselves and to which no response is required.

23. Paragraph no. 23 appears to be a recitation of 42 U.S.C. § 1983, which speaks for itself and to which no response is required.

24. Paragraph no. 24 appears to be a recitation of art. I, § 2, of the Tennessee Constitution, which speaks for itself and to which no response is required.

25. Paragraph no. 25 appears to be a recitation of art. I, § 5 of the Tennessee Constitution, which speaks for itself and to which no response is required.

26. Admitted.

27. Denied.

28. Paragraph no. 28 appears to be a recitation of Tenn. Code Ann. § 2-7-111, which speaks for itself and to which no response is required.

29. State Defendants submit that Tenn. Code Ann. § 2-7-111 speaks for itself and deny that the complained-of policy is contrary to Tennessee law.

30. State Defendants deny that they are required to establish that Plaintiffs or any other campaign workers engaged in the conduct identified in paragraph no. 30 prior to adopting and implementing policies and procedures for the purpose of regulating and maintaining the integrity of the polling place.

31. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations regarding Plaintiffs' specific previous campaign activities, and therefore deny those factual allegations. State Defendants deny that they are required to establish that Plaintiffs or any campaign worker engaged in the conduct identified in paragraph no. 31 in or within 100 feet of a polling place prior to adopting and implementing policies and procedures for the purpose of regulating and maintaining the integrity of the polling place.

32. Denied.

33. State Defendants submit that Tenn. Code Ann. § 2-7-111 speaks for itself.

34. State Defendants submit that the document titled "Candidate's Meeting" and attached to Plaintiffs' complaint (DE 6-5) speaks for itself.

35. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph no. 35, and therefore deny the allegations.

36. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph no. 36, and therefore deny the allegations.

37. State Defendants deny that Plaintiff Robinson would be irreparably harmed on election day.  State Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations in paragraph no. 37, and therefore deny the allegations.

38. Denied.

39. The allegations of paragraph no. 39 constitute arguments of law and not well-pleaded facts, for which no response is required.  To the extent a response is required, State Defendants deny the validity of Plaintiffs' legal arguments.

40. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph no. 40, and therefore deny the allegations.

41. The allegations of paragraph no. 41 constitute arguments of law and not well-pleaded facts, for which no response is required.  To the extent a response is required, State Defendants deny the validity of Plaintiffs' legal arguments.

42. The allegations of paragraph no. 42 constitute arguments of law and not well-pleaded facts, for which no response is required.  To the extent a response is required, State Defendants deny the validity of Plaintiffs' legal arguments.

43. The allegations of paragraph no. 43 constitute arguments of law and not well-pleaded facts, for which no response is required.  To the extent a response is required, State Defendants deny the validity of Plaintiffs' legal arguments.

44. Denied that the complained-of policy singles out Plaintiffs Thomas and Saulsberry and that Plaintiffs Thomas and Saulberry are similarly situated poll watchers

45. The allegations of paragraph no. 45 constitute arguments of law and not well-pleaded facts, for which no response is required.  To the extent a response is required, State Defendants deny the validity of Plaintiffs' legal arguments.

46. The allegations of paragraph no. 46 constitute arguments of law and not well-pleaded facts, for which no response is required.  To the extent a response is required, State Defendants deny the validity of Plaintiffs' legal arguments.

47. The allegations of paragraph no. 47 constitute arguments of law and not well-pleaded facts, for which no response is required.  To the extent a response is required, State Defendants deny the validity of Plaintiffs' legal arguments.

48. The allegations of paragraph no. 48 constitute arguments of law and not well-pleaded facts, for which no response is required.  To the extent a response is required, State Defendants deny the validity of Plaintiffs' legal arguments.

49. The allegations of paragraph no. 49 constitute arguments of law and not well-pleaded facts, for which no response is required.  To the extent a response is required, State Defendants deny the validity of Plaintiffs' legal arguments.

50. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph no. 50, and therefore deny the allegations. Paragraph no. 50 also contains arguments of law, for which no response is required.  To the extent a response is required, State Defendants deny the validity of Plaintiffs' legal arguments.

51. Denied.

52. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph no. 52, and therefore deny the allegations. Paragraph no. 52 also contains arguments of law, for which no response is required.  To the extent a response is required, State Defendants deny the validity of Plaintiffs' legal arguments.

53. Denied.

54. Denied.

55. Denied.

## FIRST CAUSE OF ACTION

### 42  U.S.C. § 1983

56. State Defendants repeat and reference all of the above responses to Plaintiffs' allegations of the Complaint as though fully set forth herein.

57. The allegations of paragraph no. 57 constitute arguments of law and not well-pleaded facts, for which no response is required.  To the extent a response is required, State Defendants deny the validity of Plaintiffs' legal arguments.

58. The allegations of paragraph no. 58 constitute arguments of law and not well-pleaded facts, for which no response is required.  To the extent a response is required, State Defendants deny the validity of Plaintiffs' legal arguments.

59. The allegations of paragraph no. 59 constitute arguments of law and not well-pleaded facts, for which no response is required.  To the extent a response is required, State Defendants deny the validity of Plaintiffs' legal arguments.

60. The allegations of paragraph no. 60 constitute arguments of law and not well-pleaded facts, for which no response is required.  To the extent a response is required, State Defendants deny the validity of Plaintiffs' legal arguments.

61. The allegations of paragraph no. 61 constitute arguments of law and not well-pleaded facts, for which no response is required.  To the extent a response is required, State Defendants deny the validity of Plaintiffs' legal arguments.

62. State Defendants deny the allegations of paragraph no. 64 and further deny that they are required to "show a likelihood" that campaign workers will interfere with the election process

7

prior to enacting legislation for the purpose of regulating or maintaining the integrity of the polling place.

63. The allegations of paragraph no. 63 constitute arguments of law and not well-pleaded facts, for which no response is required.  To the extent a response is required, State Defendants deny the validity of Plaintiffs' legal arguments.

64. The allegations of paragraph no. 64 constitute arguments of law and not well-pleaded facts, for which no response is required.  To the extent a response is required, State Defendants deny the validity of Plaintiffs' legal arguments.

## SECOND CAUSE OF ACTION

### DUE PROCESS VIOLATION

65. State Defendants repeat and reference all of the above responses to Plaintiffs' allegations of the Complaint as though fully set forth herein.

66. Paragraph no. 66 appears to be a recitation of a portion of the Fifth and Fourteenth Amendments to the United States Constitution, which speak for themselves and to which no response is required.

67. State Defendants submit that the referenced Tennessee statutes speak for themselves.

68. The allegations of paragraph no. 68 constitute arguments of law and not well-pleaded facts, for which no response is required.  To the extent a response is required, State Defendants deny the validity of Plaintiffs' legal arguments.

69. State Defendants admit that Tennessee law permits poll watchers to enter polling places to perform his or her duties as a poll watcher, while prohibiting campaign workers to enter polling places, except during the times they are voting.  The remaining factual allegations in paragraph 69 are denied.

70. The allegations of paragraph no. 70 constitute arguments of law and not well-pleaded facts, for which no response is required.  To the extent a response is required, State Defendants deny the validity of Plaintiffs' legal arguments.

71. The allegations of paragraph no. 71 constitute arguments of law and not well-pleaded facts, for which no response is required.  To the extent a response is required, State Defendants deny the validity of Plaintiffs' legal arguments.

<u>**THIRD CAUSE OF ACTION**</u>

**VIOLATION OF THE TENNESSEE CONSTITUTION**

72.  State Defendants repeat and reference all of the above responses to Plaintiffs' allegations of the Complaint as though fully set forth herein.

73. The allegations of paragraph no. 73 constitute arguments of law and not well-pleaded facts, for which no response is required.  To the extent a response is required, State Defendants deny the validity of Plaintiffs' legal arguments.

74. The allegations of paragraph no. 74 constitute arguments of law and not well-pleaded facts, for which no response is required.  To the extent a response is required, State Defendants deny the validity of Plaintiffs' legal arguments.

75. The allegations of paragraph no. 75 constitute arguments of law and not well-pleaded facts, for which no response is required.  To the extent a response is required, State Defendants deny the validity of Plaintiffs' legal arguments.

<u>**FOURTH CAUSE OF ACTION**</u>

**VIOLATION OF TENNESSEE LAW**

76. State Defendants repeat and reference all of the above responses to Plaintiffs' allegations of the Complaint as though fully set forth herein

77. The allegations of paragraph no. 77 constitute arguments of law and not well-pleaded facts, for which no response is required.  To the extent a response is required, State Defendants deny the validity of Plaintiffs' legal arguments.

78. The allegations of paragraph no. 78 constitute arguments of law and not well-pleaded facts, for which no response is required.  To the extent a response is required, State Defendants deny the validity of Plaintiffs' legal arguments.

## FIFTH CAUSE OF ACTION

## VIOLATION OF AMERICAN WITH DISABILITY ACT

79. State Defendants repeat and reference all of the above responses to Plaintiffs' allegations of the Complaint as though fully set forth herein.

80. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph no. 80, and therefore deny the allegations.

81. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph no. 81, and therefore deny the allegations.

82. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph no. 82, and therefore deny the allegations.

83. Denied.

## PRAYER FOR RELIEF

1. State Defendants deny that Plaintiffs are entitled to any of the relief prayed for in paragraphs a through k of their Prayer for Relief and pray that the Complaint be dismissed with prejudice with costs assessed to the Plaintiffs, and further pray that the Court grant such additional general relief to which the State Defendants may be entitled

All allegations of the Amended Complaint not specifically admitted, denied or otherwise addressed are hereby denied.

In addition to the foregoing responses to the factual allegations set forth in the Amended Complaint, the State Defendants assert the following affirmative defenses:

### Affirmative and Other Defenses

1. Plaintiffs have failed to state a claim upon which relief can be granted. Pursuant to *Freeman v. Burson*, 504 U.S. 191 (1991), the challenged policy is necessary to serve a compelling state interest in maintaining the integrity and reliability of elections and is narrowly-tailored to that end.

2. Plaintiffs' claims are barred by the Statute of Limitations.

3. Pursuant to *Minnesota Voters All. v. Mansky*, 138 S. Ct. 1876 (2018), polling places are a nonpublic forum. Restrictions on speech in a nonpublic forum are not analyzed by courts according to a strict scrutiny standard of review. State Defendants had a rational basis for implementing the state statutes to further a compelling state interest.

4. No act, omission, or law, policy, practice, or custom of State Defendants has deprived Plaintiffs of rights secured by the United States Constitution.

5. Plaintiff Greater Memphis Democratic Club does not have standing and has not suffered any injury in this matter.

6. Plaintiffs Thomas and Saulsberry do not have standing and have not suffered any violation to their constitutional rights or other injury in this matter.

7. Plaintiff Robinson does not have standing because the challenged policy does not prevent or exceptionally limit the ability of campaign workers or GMDC employees from distributing her campaign materials.

8.   Plaintiff Robinson and GMDC are required to abide by state and federal employment laws which mandate them to provide periodic breaks and reasonable bathroom accommodations to their employees.

9.   State Defendants are entitled to, and seek herein to recover, their attorneys' fees and expenses incurred in this action as provided for by 42 U.S.C. § 1988.

10. State Defendants reserve their right to amend this Answer as provided by the Federal Rules of Civil Procedure in order to assert additional affirmative defenses or averments which might become relevant as facts are discovered.

Respectfully Submitted,


HERBERT H. SLATERY III
Attorney General and Reporter

JANET M. KLEINFELTER
Deputy Attorney General
Janet.kleinfelter@ag.tn.gov

/s/ Anna M. Waller
ANNA M. WALLER
Assistant Attorney General
(615) 532-5510
Anna.waller@ag.tn.gov

/s/ Kelley L. Groover
KELLEY. L. GROOVER
Assistant Attorneys General
Public Interest Division
301 6th Avenue North
Nashville, TN 37243
(615) 532-2591
kelley.groover@ag.tn.gov

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing documents have been forwarded electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to the parties named below.  Parties may access this filing through the Court's electronic filing system.

Linda Nettles Harris
Linda Nettles Harris Law Firm
1331 Union Avenue, Suite 1033
Memphis, Tennessee 38104

John L. Ryder
Pablo A. Varela
Harris Shelton Hanover Walsh, PLLC
40 S. Main Street, Suite 2210
Memphis, Tennessee 38103

on this 23rd day of October, 2019.

/s/Kelley L. Groover
KELLEY L. GROOVER
Assistant Attorney General

13